J-A22022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES VANCLETE McCALLISTER, | : | |
| | : | |
| Appellant | : | No. 78 MDA 2014 |

Appeal from the Judgment of Sentence Entered December 16, 2013,
In the Court of Common Pleas of York County,
Criminal Division, at No. CP-67-CR-0005351-2012.

BEFORE: PANELLA, SHOGAN and FITZGERALD*, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED OCTOBER 22, 2014**

Charles Vanclete McCallister ("Appellant") appeals from the judgment of sentence entered December 16, 2013, in the Court of Common Pleas of York County. We affirm.

Appellant was arrested and charged with drug-related offenses. On July 27, 2012, the Commonwealth filed an information outlining the charges against Appellant as follows: Count one, delivery of cocaine in violation of 35 P.S. § 780-113(a)(30); Count two, criminal conspiracy to possess with the intent to deliver cocaine in violation of 18 Pa.C.S. § 903; and Count three, possession with intent to deliver ("PWID") cocaine in violation of 35 P.S. § 780-113(a)(30). Criminal Information, 7/27/12, at 1-2. Appellant's case was consolidated with that of a co-defendant. On August 3, 2012,

_____
*Former Justice specially assigned to the Superior Court.

Appellant was formally arraigned and Attorney Scott McCabe entered his appearance. Appellant's first pretrial conference was scheduled to occur on September 17, 2012.

On September 17, 2012, the parties appeared before the trial court and informed the court that they had reached a plea agreement. N.T., 9/17/12, at 1. Pending court approval, Appellant would plead guilty to Count two of the information in exchange for a sentence of two years of probation, court costs and Appellant's agreement to forfeit all property the Commonwealth was seeking to have forfeited in Miscellaneous Docket No. 862 of 2011. *Id.*

The trial court was advised that the standard minimum sentencing range, given the offense gravity score and Appellant's prior criminal record, was twelve to eighteen months in a state correctional institution. N.T., 9/17/12, at 1. After requesting, and hearing, the rationale for the proposed, mitigated probationary sentence, the trial court indicated that it would not accept the proposed plea agreement. *Id.* at 3, 5. The trial court then listed Appellant's case for trial during the November 2012 term and informed the parties that October 26, 2012 was the firm deadline for entering a guilty plea pursuant to a plea agreement. *Id.* at 7. The trial court explained that after the October 26, 2012 deadline, the court would accept no plea

agreements, and Appellant could either proceed to trial or enter an open guilty plea to all charges. *Id.*

On October 26, 2012, the trial court scheduled a plea hearing to occur on November 1, 2012. On November 1, 2012, the parties appeared before the trial court and explained that a plea agreement had "fallen through," and Appellant was not going to plead guilty. N.T., 11/1/12, at 2. The prosecutor indicated that Appellant was made aware that was the last date upon which Appellant could enter a plea pursuant to a plea agreement. *Id.* Additionally, Appellant was told that if he was later convicted of PWID cocaine, that with his prior record score, the standard-range minimum sentence would be twelve to eighteen months. *Id.* at 1-2. Appellant elected to proceed to trial. Appellant's trial was not reached during the November 2012 term.

On January 7, 2013, Appellant's case was called for trial, but Appellant's counsel requested a continuance, asserting that a "mix-up" in communication with Appellant had occurred. N.T., 1/7/13, at 5-7. After Appellant executed a Pa.R.Crim.P. 600 waiver, the trial court granted Appellant's request for a continuance. *Id.* at 7.

On March 5, 2013, Appellant appeared before the trial court in a second attempt to enter a guilty plea pursuant to a plea agreement. The proffered plea agreement was that Appellant would enter a plea to simple

possession of cocaine and receive a $500 fine plus court costs. N.T., 3/5/13, at 3. The trial court indicated that the plea deadline of October 26, 2012 was a firm deadline and would not make an exception to that rule and thereby refused to accept the proposed agreement. *Id.* at 4, 7. The matter was again listed for trial.

After several additional delays, this matter proceeded to trial from October 8, 2013, to October 10, 2013. Following the jury trial, Appellant was convicted on all three counts listed on the information. On December 16, 2013, Appellant was sentenced to twelve to twenty-four months of incarceration in a state correctional institution for each count, with counts two and three to run concurrently with count one. N.T. (Sentencing), 12/16/13, at 5.

Appellant timely appealed. The trial court ordered the filing of a Pa.R.A.P. 1925(b) statement, and Appellant timely complied.

Appellant presents the following issues for our review:

A. Whether trial court committed error and abused [its] discretion when it rejected Defendant's negotiated plea agreement with the Commonwealth.

B. Trial court committed error and abused [its] discretion when it rejected Defendant's negotiated plea agreement with the Commonwealth because plea deadline expired.

Appellant's Brief at 2.

-4-

Appellant first argues that the trial court erred and abused its discretion by rejecting the plea agreement presented to the trial court on September 17, 2012, at the pretrial conference. Appellant's Brief at 5. While Appellant concedes that the trial court has broad discretion in the acceptance and rejection of plea agreements pursuant to Pa.R.Crim.P. 590(a)(3), Appellant maintains that the trial court erred when it rejected the proposed plea agreement "based on the charges filed and not on the defendant's conduct." *Id.* at 5-6. In support of this claim, Appellant refers to the following trial court statement: "I do not understand why overcharging is permitted, why everybody thinks that's okay. I don't think it's okay." *Id.*

The plea process is governed by Pennsylvania Rule of Criminal Procedure 590 and provides in relevant part as follows:

**Rule 590. Pleas and Plea Agreements**

**(A) Generally**

(1) Pleas shall be taken in open court.

(2) A defendant may plead not guilty, guilty, or, with the consent of the judge, nolo contendere. If the defendant refuses to plead, the judge shall enter a plea of not guilty on the defendant's behalf.

(3) The judge may refuse to accept a plea of guilty or nolo contendere, and shall not accept it unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record.

**(B) Plea Agreements**

(1) When counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement, unless the judge orders, for good cause shown and with the consent of the defendant, counsel for the defendant, and the attorney for the Commonwealth, that specific conditions in the agreement be placed on the record in camera and the record sealed.

(2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of nolo contendere is based.

Pa.R.Crim.P. 590(A)-(B).

In addressing plea agreements, this Court has provided the following analysis:

"The Pennsylvania Rules of Criminal Procedure grant the trial court broad discretion in the acceptance and rejection of plea agreements. There is no absolute right to have a guilty plea accepted." *Commonwealth v. Hudson*, 820 A.2d 720, 727-28 (Pa. Super. 2003). Accordingly, our Courts have reaffirmed that "[w]hile the Commonwealth and a criminal defendant are free to enter into an arrangement that the parties deem fitting, the terms of a plea agreement are not binding upon the court. Rather the court may reject those terms if the court believes the terms do not serve justice." *Commonwealth v. White*, 787 A.2d 1088, 1091 (Pa. Super. 2001). As these holdings make apparent, the Commonwealth's offer of plea, even if accepted by the defendant unequivocally, does not dispose of a criminal prosecution; indeed, the plea bargain is of no moment until accepted by the trial court.

*Commonwealth v. Chazin*, 873 A.2d 732, 737 (Pa. Super. 2005).

"An 'open' plea agreement is one in which there is no negotiated sentence." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1272 n.1 (Pa. Super. 2006). With a negotiated plea agreement, on the other hand, the parties may agree on the specific sentence to be imposed. ***Commonwealth v. Parsons***, 969 A.2d 1259, 1267 (Pa. Super. 2009). Negotiated guilty pleas may take other forms as well, such as agreements which contain no specific sentencing term, but include a sentencing recommendation from the Commonwealth. ***Id.*** at 1267.

A review of the hearing transcript reflects that the statement identified by Appellant as the reason for the trial court's refusal to accept the plea agreement was taken out of context and was not, in fact, the basis for the court's decision. During the hearing, the prosecutor advised the trial court that the parties had come to an agreement. N.T., 9/17/12, at 1. The prosecutor presented the following proposed agreement to the trial court:

> [Appellant] would plead guilty to Count 2, which is criminal conspiracy to deliver controlled substance. The recommended sentence would be 2 years probation plus costs. [Appellant] would agree to forfeit anything in Miscellaneous Docket 862 of '11. Your Honor, this is a mitigated range sentence. The standard range is 12 to 18 months.

***Id.*** The trial court questioned the rationale for the mitigation. ***Id.*** The prosecutor explained that due to "the lower amount of involvement that [Appellant] had to do with the crime," the police were in favor of Appellant getting a probationary sentence for the conspiracy charge. ***Id.*** at 2. Upon

further questioning, the prosecutor explained that the Commonwealth's allegation on the conspiracy charge would be that:

> [Appellant] knew that the co-defendant had cocaine, and they would be able to sell to the confidential informant, and he put the confidential informant together with [the co-defendant].

*Id.* The trial court stated that such allegation would likely support a conviction for conspiracy to deliver a controlled substance, and again questioned: "So I guess I'm back to why the mitigated range deal?" *Id.* at 2-3. The trial court also questioned what drug was involved, to which the prosecutor answered, "cocaine." *Id.* After additional attempted explanation by the prosecutor, the trial court stated the following:

> [The trial court]: [Y]ou are asking me to approve a sentence of no incarceration when the standard Pennsylvania sentence for the crime and the prior record score would be a state sentence.
>
> [Prosecutor]: Yes, Your Honor.
>
> [The trial court]: I think under those circumstances the people of York County would think I'm being remiss if I don't question that, and I'm questioning it, and you are telling me, gee, I really don't know. Well, then I guess I am not going to be able to accept the deal.

*Id.* at 3.

The remainder of the transcript reflects statements by Appellant's counsel attempting to justify why the police filed the charges and making reference to "policing by statistics" and the fact that the Drug Task Force operates on number of arrests. N.T., 9/17/12, at 4-5. After these

explanations, the trial court stated, "I'm not satisfied with the explanation. I'm not going to take the plea." *Id.* at 5. The statement referenced by Appellant was made by the trial court in response to Appellant's counsel's suggestion that statistics were driving the police department's actions. *Id.* at 6.

As a result, we cannot agree with Appellant that the trial court rejected the plea agreement "based on charges filed and not on [Appellant's] conduct." The transcript, read in its entirety, reveals that the trial court rejected the proposed plea agreement on the grounds that, given Appellant's prior record score, the standard sentence on the conspiracy charge was twelve to eighteen months incarceration, and therefore, the proposed two years of probation was too lenient and not justified under the circumstances of the case. N.T., 9/17/12, at 1-5.

As noted, Appellant has no right to have his guilty plea accepted. *Chazin*, 873 A.2d at 737. The trial court has broad discretion in the acceptance and rejection of plea agreements and may reject the terms of the agreement if the court believes the terms do not serve justice. *Id.* As such, the trial court did not abuse its discretion in refusing to accept the plea agreement because it determined that the terms of the agreement did not serve justice.

Appellant next argues that the trial court committed error and abused its discretion when it rejected Appellant's second attempted plea agreement, presented to the trial court on March 5, 2013, because the plea agreement deadline had passed. Appellant's Brief at 6. Appellant asserts that due to the trial court's rejection of Appellant's first plea on the basis that Appellant had been "overcharged," the Commonwealth amended the charges to a misdemeanor possession. *Id.* Appellant contends that the proposed agreement provided that Appellant would plead guilty to simple possession and receive two years of probation.[1] *Id.* at 7. Appellant contends that because the trial court rejected the plea agreement, he was "forced to go to trial, was found guilty of charges that he wished to plead guilty to and received prison time." *Id.* at 7. Appellant further asserts:

> Rejecting the guilty plea for merely being past the plea deadline due to no fault of [Appellant] prevents [Appellant] from accepting responsibility and seeking redemption and is inapposite to judicial economy. The trial court committed error and abused [its] discretion when it rejected the Plea Agreement merely because the plea deadline had expired when no delay was attributed to [Appellant] and there was not prejudice to any party, including the Commonwealth.

*Id.* at 7.

---

[1] Despite Appellant's characterization of the proposed plea agreement presented to the trial court on March 5, 2013, the transcript reflects that the proposed agreement provided for Appellant pleading to a misdemeanor possession charge and paying a $500 fine plus costs. N.T., 3/5/13, at 3.

During the pretrial conference, the trial court made the following statement:

[The trial court]: All right. [Appellant] appears before the [trial court] for pretrial conference. He is here with Attorney McCabe who says that he and [Appellant] are ready to go to trial. The Commonwealth says they are ready. Therefore, we put the case on the jury trial list for the November 2012 term of Criminal Court beginning November 5 ending November 16 of this year.

[Appellant], his lawyer, and the Commonwealth all must be ready to go to trial on one-hour's notice any time during that two-week period or any subsequent term of Criminal Court until such time as the case has been tried or otherwise finally disposed of.

Plea deadline is October 26, 2012. Unless the [trial court] has received a notice that a plea agreement has been reached on or before that day, there is no plea agreement that the [trial court] will accept -- I didn't say that right.

Plea agreement deadline is October 26, 2012. Any proposed plea agreement -- the [trial court] must be given notice of any proposed plea agreement on or before that date. Thereafter, there is no proposed plea agreement that the [trial court] will accept. This is a firm deadline. No extensions to or exceptions to it will be made. After the plea deadline, [Appellant's] only options are to go to trial on all the charges or to plead guilty to all the charges without the benefit of any negotiated plea agreement. This deadline remains in full force and effect regardless of when the case is actually called to trial.

N.T., 9/17/12, at 6-7. An order including that language was issued on the same day. Order, 9/17/12, at 1-2.

The trial court made clear to both parties the deadline for accepting negotiated plea agreements and also made clear that no extensions or exceptions would be made. The trial court had discretion to set the

-11-

deadline, and the deadline was reasonable in light of the fact that the case was listed for the November trial term. Appellant's second proposed plea agreement was presented to the trial court well beyond the plea agreement deadline set by the trial court. As noted, the trial court has broad discretion in the acceptance and rejection of plea agreements. *Chazin*, 873 A.2d at 737. Therefore, we conclude that the trial court did not abuse its discretion in setting, and holding firm, the deadline for negotiated plea agreements and thereby refusing to accept the proffered plea agreement.

Furthermore, with regard to Appellant's allegations, we note, as discussed above, that the trial court did not reject Appellant's first plea agreement on the basis that Appellant had been "overcharged." Moreover, the Commonwealth did not amend the information, or charges against Appellant, to a misdemeanor possession charge, as Appellant represents. Instead, for purposes of the proposed plea agreement discussed on March 5, 2013, the Commonwealth amended the charges to a misdemeanor possession charge in exchange for Appellant paying a $500 fine and costs, **if** the court accepted the plea agreement. N.T., 3/5/13, at 4. The trial court did not accept the plea agreement. *Id.* at 4, 7. As such, the criminal information was not amended. Appellant went to trial on the three charges

outlined in the original criminal information[2] and, following a jury trial, was convicted of all three charges. N.T. (Verdict), 10/10/13, at 2.

Additionally, despite his representations, Appellant was not "forced to go to trial." Appellant's Brief at 7. As explained by the trial court and noted in its order, the October 26, 2012 deadline was for negotiated plea agreements only. Appellant was advised that after that date, he could either enter an open plea or proceed to trial. N.T., 9/17/12, at 6-7; Order, 9/17/12, at 1-2. Thus, we cannot agree with Appellant's contention that, as a result of the trial court's holding the October 26, 2012 deadline firm, he

---

[2] We note that on September 12, 2013, after several delays, Appellant's case was called for trial. Appellant requested a continuance and executed a Rule 600 waiver. During the proceeding, the Commonwealth sought to amend count two of the information. N.T., 9/12/13, at 6. As the Commonwealth explained, count two of the original information charged Appellant with "conspiring to **commit the offense of possession with intent to deliver** a controlled substance." *Id.*; Information, 7/27/12 (emphasis added). The Commonwealth moved to amend the count to read "conspiracy to **commit delivery** of a controlled substance," in violation of the same statutory provision. *Id.* (emphasis added). Appellant's attorney had no objection to that amendment and the court allowed it. *Id.* at 6-7.

The amendment was permitted under Pa.R.Crim.P. 564 ("The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense") and related case law. The amendment did not change the charge, and it involved the same basic elements and evolved out of the same factual situation as the crimes specified in the original information. ***Commonwealth v. Beck***, 78 A.3d 656, 660 (Pa. Super. 2013).

was prevented from "accepting responsibility" and "seeking redemption." Appellant's Brief at 7.

Moreover, Appellant cites no authority in support of his claim that the trial court abused its authority in refusing to accept a plea agreement beyond the deadline set by the court "when no delay was attributed to [Appellant] and there was no prejudice to any party, including the Commonwealth." Appellant's Brief at 7. The trial court had discretion to set a deadline and hold it firm. In light of the trial court's broad discretion in accepting or rejecting plea agreements, Appellant had no right to have the court accept his plea. *Chazin*, 873 A.2d at 737. Thus, Appellant's second claim on appeal lacks merit.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2014