J-S08012-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
    Appellee :
:
    v. :
:
OMAR REEVE, :
:
    Appellant : No. 1401 EDA 2014

Appeal from the PCRA Order April 24, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No(s): CP-51-CR-0003260-2008

BEFORE:  DONOHUE, WECHT and JENKINS, JJ.

MEMORANDUM BY DONOHUE, J.:        **FILED FEBRUARY 27, 2015**

Appellant, Omar Reeve ("Reeve"), appeals from the order entered on April 24, 2014 by the Court of Common Pleas, Philadelphia County, dismissing his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").[1]  For the reasons set forth herein, we affirm the PCRA court's order.

The facts and procedural history are as follows:

> On February 8th of 2008 at around 1:40 AM the defendant, Omar Reeve, was operating a blue green Buick LaSabre in the area of 1400 North Ithan Street.  Nafas Dekeyser [] was a passenger in the car.  Officers took note of the Buick because it fit the flash for a vehicle taken twenty minutes prior in a carjacking.  [Reeve] pulled over the Buick in front of 1409 North Ithan Street.  Both he and passenger quickly exited the car.  Officers saw [Reeve] throw a black object into the yard area of 1409 North Ithan

---

[1]  42 Pa.C.S.A. §§ 9541-46.

and heard it make a metal clanking sound when it hit the concrete. Officers placed both [Reeve] and Dekeyser into their vehicle. [Reeve] got out [of the police vehicle] and began to run away. He was eventually apprehended by another officer … and was found to be wearing a bulletproof vest. Officer Anderson then recovered a black semiautomatic firearm thrown by [Reeve] in front of 1409 North Ithan Street which the gun was found to be in stolen status. A search warrant was then executed on the Buick and officers recovered a black Ruger from under the drive[r's] seat. [Reeve] ha[d] prior convictions which [made] him ineligible to possess a firearm under [Pa.C.S.A. §] 6105. That particular CP number of that case would be CP-51-CR-0511121 – 2001, a prior guilty plea to possession with intent to deliver.

N.T., 7/8/11, at 12-13.

Reeve was charged with several offenses including a violation of the Uniform Firearms Act – persons not to possess a firearm ("VUFA"), 18 Pa.C.S.A. § 6105(a)(1), and possession of an instrument of crime ("PIC"), 18 Pa.C.S.A. § 907(a).[2] After posting bail, Reeve was arrested for a separate incident (deemed by the trial court, the "Drug House Case"), and was convicted of possession with intent to deliver ("PWID"), VUFA, PIC, and criminal conspiracy.[3]

---

[2] Reeve was also charged with escape, 18 Pa.C.S.A. § 5121(a), firearms not to be carried without a license, 18 Pa.C.S.A. § 6106(a)(1), carrying firearms on public streets or public property in Philadelphia, 18 Pa.C.S.A. § 6108, and resisting arrest, 18 Pa.C.S.A. § 5104. The Commonwealth eventually *nolle prossed* these additional charges. ***See*** N.T., 7/8/11, at 6.

[3] While the specifics of the incident and the charges are not in the record, the trial court provided the following description of the event and subsequent trial:

On July 8, 2011, Reeve appeared before the trial court on the charges in the instant case and entered an open guilty plea to the VUFA and PIC charges. Prior to sentencing, this case and the Drug House Case were consolidated pursuant to Rule 701 of the Pennsylvania Rules of Criminal Procedure, which "enable[s] the court to sentence the defendant on all outstanding charges within the jurisdiction of the sentencing court at one time." Pa.R.Crim.P. 701, cmt.

On August 22, 2011, the trial court held a sentencing hearing on both cases. The trial court sentenced Reeve to ten to twenty years of incarceration on the PWID charge and related weapons offenses stemming from the Drug House Case. With regard to the case presently before this Court, the trial court sentenced Reeve to five to ten years on the VUFA charge, to be served concurrently with the Drug House Case sentence. The trial court, however, also imposed a consecutive two and one half to five

---

> That case is docketed at CP-51-CR-0011166-2010 and was tried before a jury from February 1, 2011 through March 1, 2011. In that case, [Reeve] and co-defendants were observed outside with a gun. After seeing the police, [Reeve] and his co-defendants fled into a nearby house, locked the door, and turned off all of the lights. The police pursued and arrested [Reeve] and co-defendants. Following execution of a search warrant, police found [Reeve's] gun, a large amount of narcotics, drug paraphernalia, seven firearms with ammunition, over $2000, and mail in [Reeve's] name.

Trial Court Opinion, 8/15/14, at 2 n.1.

years sentence on the non-merging PIC offense because of Reeve's participation in the Drug House Case, which occurred while he was on bail for the instant matter.

On June 28, 2012, Reeve filed a timely *pro se* PCRA petition alleging that his trial counsel provided ineffective assistance by recommending that he reject a negotiated plea bargain from the Commonwealth that would have resulted in five to ten years of incarceration. Appointed PCRA counsel filed an amended petition on October 16, 2013 but failed to provide any supporting evidence. On February 12, 2014, the Commonwealth filed a motion to dismiss the petition.

On March 24, 2014, the trial court sent Reeve a notice of intent to dismiss the petition pursuant to Rule 907 of the Rules of Criminal Procedure. The trial court subsequently dismissed Reeve's petition without an evidentiary hearing on April 24, 2014.

On May 6, 2014, Reeve filed a timely notice of appeal to this Court. On appeal, Reeve raises one issue for our review:

> 1. Did the [PCRA] court err in denying [Reeve] an evidentiary hearing when [he] alleged the ineffective assistance of trial defense counsel?

Reeve's Brief at 2.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***,

31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005), *appeal denied*, 42 A.3d 1059 (Pa. 2012)). A PCRA petitioner must establish the claim by a preponderance of the evidence. **Commonwealth v. Gibson**, 925 A.2d 167, 169 (Pa. 2007).

In his brief, Reeve first argues that trial counsel provided ineffective assistance by advising him to reject an offer by the Commonwealth to plead guilty in return for a sentence of five to ten years of incarceration. Reeve's Brief at 6. Reeve asserts that counsel's advice to turn down the Commonwealth's offer and instead enter an open guilty plea, resulted in a more severe sentence of seven and one half to fifteen years in prison. **Id**. Reeve contends that he was prejudiced by counsel's ineffectiveness because it resulted in a more severe sentence. **Id**. at 6-7.

"Our longstanding test for ineffective assistance of counsel derives from the standard set by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668 (1984)." **Commonwealth v. Clark**, 961 A.2d 80, 85 (Pa. 2008). The test for ineffective assistance of counsel requires the petitioner to meet a three-prong test: (1) underlying the petitioner's allegation of ineffectiveness, there is a claim of arguable merit; (2) petitioner's counsel had no reasonable strategic basis for proceeding as he did; and (3) the petitioner was prejudiced by counsel's ineffectiveness. **Id**. Failure to meet any one of the three prongs is fatal to petitioner's claim of ineffectiveness. **Id**.

The trial court in this instance determined that Reeve failed to satisfy all three prongs to establish ineffective assistance of counsel:

> Here, [Reeve] cannot prove he was prejudiced by the advice of his trial lawyer, as this [c]ourt affirms the Section 701 consolidation achieved mitigation where his 12 ½ to 25 year aggregate sentence was well below available statutory maximums, and this Court would not have accepted a completely concurrent sentence on both cases, even if the Commonwealth had agreed and for the reasons explained above.

Trial Court Opinion, 8/15/14, at 4.  After reviewing the record, we agree.

In **Commonwealth v. Chazin**, 873 A.2d 732 (Pa. Super. 2005), a PCRA petitioner alleged that his trial counsel rendered ineffective assistance by failing "to advise him adequately on an earlier plea offer that the Commonwealth tendered[.]"  **Id.** at 733.  A panel of this Court determined that the petitioner could not establish prejudice because he could not demonstrate that the trial court would have accepted the plea bargain.  **Id.** at 737-38.  In reaching this determination, we stated:

> "The Pennsylvania Rules of Criminal Procedure grant the trial court broad discretion in the acceptance and rejection of plea agreements."  There is no absolute right to have a guilty plea accepted.  Accordingly, our Courts have reaffirmed that "[w]hile the Commonwealth and a criminal defendant are free to enter into an agreement that the parties deem fitting, the terms of a plea agreement are not binding upon the court.  Rather the court may reject those terms if the court believes the terms do not serve justice."  As these holdings make apparent, the Commonwealth's offer of plea, even if accepted by the defendant unequivocally, does not dispose of

a criminal prosecution; indeed, the plea bargain is of no moment until accepted by the trial court. Consequently, in the context of Chazin's IAC claim, prejudice, *i.e.*, the "reasonable probability that, but for the act or omission challenged, the outcome of the proceeding would have been different," cannot be established.

*Id*. at 737 (internal citations omitted). The **Chazin** court concluded that "[w]ithout evidence that the result of the plea bargain process would have been different had he been able to accept the Commonwealth's original offer, [the petitioner] necessarily fails to satisfy the prejudice prong requisite to a finding of [ineffective assistance of counsel]." **Id**. at 737-38.

In this case, similar to the petitioner in **Chazin**, Reeve failed to establish that the trial court would have accepted the plea agreement of five to ten years of incarceration. To the contrary, our review of the record reveals that the trial court would not have accepted the plea agreement, as the trial court specifically stated that

> [Reeve's] implied assumption that this [c]ourt would have agreed to a concurrent sentence totally wiping out punishment for the VUFA-PIC is optimistic and misreads the gravity of his situation at sentencing. As it happens, trial counsel's advice to him was not off the mark. By entering a Section 701 consolidation, [Reeve] achieved significant mitigation considering what might have been[.]

Trial Court Opinion, 8/15/14, at 4.

We therefore conclude that Reeve failed to establish that the outcome of the proceeding would have been different if he would have accepted the

- 7 -

Commonwealth's plea agreement. Accordingly, Reeve has not satisfied the prejudice prong of the ***Strickland*** test, which is fatal to his claim of ineffectiveness. ***See Clark***, 961 A.2d at 85. Reeve's ineffective assistance of counsel claim is without merit.

We note that Reeve also argues that the trial court erred by denying him an evidentiary hearing. It is well settled, however, that

> [t]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there was no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (quoting ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012)).

Given our disposition of Reeve's claim of ineffective assistance of counsel, we conclude that there was no genuine issue of material fact in controversy. Accordingly, the PCRA court did not err in denying an evidentiary hearing.

Order affirmed.

J-S08012-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2015