J-A23030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KARL K. MYERS | : | |
| | : | |
| Appellant | : | No. 403 EDA 2020 |

Appeal from the PCRA Order Entered December 31, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004755-2011

BEFORE:   KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED FEBRUARY 9, 2021**

Appellant Karl K. Myers appeals from the order denying, after an evidentiary hearing, his second petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant claims that the court erred in denying his petition seeking relief based upon evidence that his trial counsel failed to inform him of a plea offer.  We affirm.

This Court previously set forth the facts of the instant matter as follows:

The facts leading to Appellant's conviction are not germane to this appeal.  On November 7, 2013, the trial court sentenced Appellant to an aggregate term of 14-30 years' incarceration, following his conviction for

one count each of corrupt organization, 18 Pa.C.S. § 911(b)(3); dealing in proceeds of unlawful activities, 18 Pa.C.S. § 5111(a)(1); conspiracy, 18 Pa.C.S. § 903(a);   three   counts   of   criminal   use   of   a

_____

[*] Retired Senior Judge assigned to the Superior Court.

> communication facility, 18 Pa.C.S. § 7512(a); and
> four counts each of possession of cocaine, 35 P.S. §
> 780-113(a)(16); and possession of cocaine with the
> intent to deliver[,] 35 P.S. § 780-113(a)(30).
>
> *Commonwealth v. Myers*, No. 3243 EDA 2013, unpublished
> memorandum at 1 n.1 (Pa. Super. filed December 23, 2014). This
> Court affirmed Appellant's conviction, and our Supreme Court
> declined further review. *See Commonwealth v. Myers*, 116
> A.3d 697 (Pa. Super. 2014) (unpublished memorandum), *appeal
> denied*, 114 A.3d 1039 (Pa. 2015).
>
> Appellant filed a timely, counseled PCRA petition, his first, on
> September 21, 2015.[1] Therein, Appellant raised claims asserting
> the ineffectiveness of trial counsel. The PCRA court denied his
> petition. We affirmed, and our Supreme Court denied further
> review. *Commonwealth v. Myers*, 2017 WL 591216 (Pa. Super.
> 2017), *appeal denied*, 170 A.3d 1036 (Pa. 2017).
>
> Appellant filed the current, facially untimely, *pro se* PCRA petition
> on July 3, 2018. The PCRA court issued notice of its intent to
> dismiss the petition without a hearing pursuant to Pa.R.Crim.P.
> 907 on July 9, 2018. Appellant filed a timely response thereto on
> July 19, 2018. On July 23, 2018, the PCRA court dismissed the
> petition. Appellant filed a timely notice of appeal, and a timely,
> court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court
> issued its Rule 1925(a) opinion on October 22, 2018.

*Commonwealth v. Myers*, 249 EDA 2018, 2019 WL 1749045, at *1 (Pa.

Super. filed Apr. 16, 2019) (unpublished mem.).

Appellant asserted that he met the newly-discovered facts exception

because

> on or about May 12, 2018, he received a letter dated May 9, 2018,
> from A. Charles Peruto, Jr. Attorney Peruto at this point was the

---

[1] An evidentiary hearing regarding Appellant's first petition was heard on February 5, 2016, regarding whether Attorney DeSipio was ineffective due to a conflict of interest. *See* N.T., 2/5/16, at 1-20. At that hearing, Attorney DeSipio and Assistant District Attorney Jason Whalley testified regarding their plea negotiations. *See id.* at 15-16, 21-22.

former employer of Mr. De[S]ipio[, Appellant's trial attorney,] and [Gina] Capuano. Attorney Peruto had been the trial attorney for one of Appellant's co-defendants, Anthony Dennis, who pled guilty three days before trial and received a 10-20 year sentence. The letter provided to Appellant [stated that] the previously unknown fact that a second plea offer for 4-8 years['] incarceration had been extended by the Commonwealth prior to Appellant[']s trial and that this offer was not communicated to him by Mr. DeSipio.

*Id.* at * 2 (citation and omitted). Following an examination of the relevant law, this Court concluded that Appellant satisfied the newly-discovered facts exception to PCRA's time bar. *Id.* at * 3. Furthermore, this Court remanded the matter for the PCRA court to hold an evidentiary hearing "to address the merits of Appellant's claim that his trial attorney provided ineffective assistance of counsel by failing to convey a plea offer made by the Commonwealth." *Id.* at * 4.

The PCRA court held an evidentiary hearing on September 27, 2019, and October 21, 2019. At the September 27, 2019 hearing, Appellant testified on his own behalf.[2] The Commonwealth presented the testimony of Assistant

---

[2] Appellant sought to introduce the testimony of Gina Amoriello, also known as Gina Capuano, who was Appellant's counsel for his direct appeal and first PCRA petition; the Commonwealth moved to preclude her testimony due to the fact that Appellant had not included a signed certification as to her testimony in his PCRA petition pursuant to 42 Pa.C.S. § 9545(d)(1). N.T., 9/27/19, at 4-7. The court stated that it would preclude Ms. Amoriello's testimony until the next hearing, when a certification could be filed. *Id.* at 12-13. Ultimately, Ms. Amoriello/Capuano did not testify. Attorney DeSipio was unavailable, having moved to Kentucky, left the practice of law, and contracted some form of terminal illness. *Id.* at 13-14. However, Attorney DeSipio had testified previously at the February 5, 2016 PCRA proceedings, and his prior testimony was incorporated by stipulation. *Id.* at 14.

District Attorney Jason Whalley (ADA Whalley). At the October 21, 2019 hearing, Appellant presented the testimony of Attorney Peruto.

Appellant testified that he was represented by Attorney DeSipio at trial, and that he had prior drug cases in which he had entered guilty pleas. N.T., 9/27/19, at 15. With regard to his 2011 arrest, Appellant testified that he was told that if he cooperated, his bail would be lowered; after being released on bail, Attorney DeSipio told Appellant about an offer of three to six years of incarceration so long as Appellant cooperated against his co-defendants and testified at trial. *Id.* at 16-17. Appellant informed Mr. DeSipio that he was unwilling to testify against his friends. *Id.* at 17. No further offers were conveyed to Appellant between 2011 and the time of trial in 2013. *Id.* Appellant's PCRA testimony was that Attorney DeSipio did not inform him of any other offers. Appellant testified that, if he had been informed of the four to eight year offer that Attorney Peruto described, he would have entered a guilty plea, because he had taken responsibility for his actions and would not have had to testify against his friends. *Id.* at 18.

ADA Whalley testified that between the years of 2011 and 2013, he was employed by the Montgomery County District Attorney's Office and assigned to the Drug and Narcotics Unit. *Id.* at 19. ADA Whalley testified that he was the lead prosecutor assigned to the case, and was heavily involved in the investigation of Appellant and his co-defendants' involvement in a large-scale corrupt organization that encompassed several counties in Southeastern Pennsylvania. *Id.* at 19-20. ADA Whalley also prepared the case for trial,

knowing the role of each defendant and the crimes they had committed, and either making or possessing knowledge of all plea offers extended in the case. *Id.* at 21. He was the lead prosecutor at the jury trial of Appellant and his co-defendants which occurred in January 2013. *Id.*

ADA Whalley testified that he never extended Appellant a four to eight year offer given his large role in the organization; the amount of cocaine that he had distributed; and the mandatory minimums at issue. *Id.* at 21-22. ADA Whalley testified that the offer made to Appellant, without his testimony or cooperation, was seven years to fourteen years as a minimum. *Id.* at 23. On the morning of trial, Attorney DeSipio requested an offer of four to eight years, but ADA Whalley "unequivocally said no, we would not entertain that nor offer it." *Id.*

ADA Whalley characterized Attorney Peruto's involvement in the trial as "peripherally involved at best." *Id.* at 24. ADA Whalley testified that although he did not recall an offer being extended, that Peruto was not present during any meetings with the district attorney's office, Attorney DeSipio, and Appellant. *Id.* at 24-27. ADA Whalley also denied making an offer of three to six years of incarceration with potential cooperation; he explained that he would have gone over the guidelines as to what Appellant could expect in an open plea. *Id.* at 27. Specifically, ADA Whalley noted that, at the time, the mandatory minimum for possession with intent to deliver cocaine was seven to fourteen years of incarceration, and Appellant's own guideline sentence was seventy-two months or six years. *Id.* at 27, 49-50. Additionally, ADA Whalley

stated that he did not recall making any offer contingent upon appellant's testimony, but "that could have happened earlier on. As I said, co-counsel in the case was Assistant District Attorney Lupinacci . . ." *Id.*

On cross-examination, ADA Whalley was questioned concerning his testimony at the PCRA hearing in 2016, when he testified that three to six years would have been a reasonable offer, but that the offer made, without cooperation, was seven to fourteen years. *Id.* at 30, 34. At the 2016 hearing, ADA Whalley testified that he did not recall making any offer contingent upon Appellant's testimony. *Id.* at 30-31.

Attorney DeSipio's prior testimony was incorporated by stipulation. At the February 5, 2016 evidentiary hearing, Attorney DeSipio testified that Appellant retained him in June 2011 despite the fact that two other attorneys in the office were representing Appellant's co-defendants. N.T., 2/5/16, at 6-7. Attorney DeSipio testified that he met with Appellant to discuss an offer the Commonwealth made, which he described as three to six years of incarceration with Appellant's cooperation. *Id.* at 8-9. Attorney DeSipio stated that he found out the morning of trial that Anthony Dennis, Appellant's co-defendant, was pleading guilty, and that had he known, he would have advised Appellant to enter a guilty plea. *Id.* at 10.

Attorney DeSipio stated that the initial offer may have been seven to fourteen years, but the offer he remembered was three to six years of incarceration. *Id.* at 15-16. Attorney DeSipio stated that he did not recall if there was a plea offer without cooperation, but that if Appellant had entered

an open guilty plea, the mandatory minimum would have been seven years to fourteen years. *Id.* at 18-19.

Attorney Peruto testified that Attorney DeSipio was employed by his law firm in 2009 and was still employed by his law firm at the time of trial in 2013. *See* N.T., 10/21/19, at 4. Attorney DeSipio represented Appellant at that time, and Attorney Peruto represented one of Appellant's co-defendants, Anthony Dennis. *Id.* at 4-5.

Attorney Peruto testified that he wrote to Appellant on May 9, 2018. In the letter, he wrote that Attorney DeSipio had told him that the Commonwealth had made an offer of four to eight years of incarceration, and that Attorney DeSipio had not advised Appellant to take the offer. *Id.* at 9, 12. Attorney Peruto testified that Attorney DeSipio insisted on taking the case to trial "because he thought he was going to win it." *Id.* at 12. Attorney Peruto testified that, at the time the trial was approaching, Attorney DeSipio was abusing crystal methamphetamine, and that this drug use was affecting his judgment. *Id.* at 14-16.

Attorney Peruto admitted that he was not present when ADA Whalley communicated offers to Attorney DeSipio. *Id.* at 21. Following this Court's remand of the case to the trial court, Attorney Peruto wrote a letter to Appellant, congratulating him and advising Appellant to seek court-appointed counsel and to contact Attorney Peruto for witness testimony. *Id.* at 27. Attorney Peruto admitted that his affidavit did not indicate that ADA Whalley

informed him of the offer, nor did his letter to Appellant following the remand. *Id.* at 28-29.

At the evidentiary hearing, Attorney Peruto attempted to testify that ADA Whalley directly informed him of the four to eight year offer. *Id.* at 10-11. The Commonwealth objected to the statement as hearsay. *Id.* Appellant argued that this was an opposing party's statement, but the court sustained the objection. *Id.* On cross-examination, Attorney Peruto responded to questions regarding the extension of the four to eight year offer by stating, "The answer to that question is I do have an idea because [ADA Whalley] told me it was four to eight and so did [Attorney DeSipio]."[3] *Id.* at 21.

On January 2, 2020, the PCRA court denied Appellant's PCRA petition. Appellant timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court prepared a Rule 1925(a) opinion admitting that it

---

[3] On cross-examination, the following was elicited:

> [The Commonwealth]: But you weren't there when Jason Whalley allegedly communicated this to Mr. De[S]ipio, right?
>
> [Attorney Peruto]: He told me it was. Rich told me it was.
> . . .
>
> [The Commonwealth]: Okay. You would have no idea if that offer had actually been extended, right?
>
> [Attorney Peruto]: The answer to your question is that I do have an idea because Jason [Whalley] told me that it was four to eight and so did Rich [DeSipio].

N.T., 10/21/19, at 21-22. Despite the Commonwealth's earlier hearsay objections, neither party objected to Attorney Peruto's responses.

had erred in excluding Attorney Peruto's testimony regarding the offer, but that the exclusion was harmless error due to the fact that Attorney Peruto stated that ADA Whalley directly informed him of the offer while on cross-examination. Therefore, because there was credible testimony that the offer had not been extended, the PCRA court concluded that Appellant was not entitled to PCRA relief.

On appeal, Appellant raises the following issues for our review:

1. Whether the PCRA [c]ourt [erred] in sustaining the Commonwealth's hearsay objection to Attorney Charles Peruto's testimony that ADA Jason Whalley said he had extended a 4-8 year offer to [Appellant].

2. Whether the PCRA [c]ourt [erred] in denying [Appellant's] PCRA [p]etition "based upon the credible testimony of the Commonwealth witness, [ADA] Jason Whalley" when this credibility determination is not supported by the record.

*See* Appellant's Brief at 2.

Appellant first argues that the PCRA court erred in sustaining the Commonwealth's hearsay objection during the direct examination of Attorney Peruto. Appellant contends that ADA Whalley's statement to Attorney Peruto constituted an opposing party's statement and fell within the exception provided by Pa.R.E. 803(25). *See* Appellant's Brief at 16. Additionally, Appellant contends that the exclusion of Attorney Peruto's testimony during direct examination was not harmless, because he was denied the opportunity to explore the testimony further and elicit details from Attorney Peruto

regarding his meeting with ADA Whalley. *Id.* at 18-19. Appellant seeks a remand for a new evidentiary hearing.

In response, the Commonwealth argues that the error was *de minimis*, because ADA Whalley unequivocally denied making a four to eight year offer, and that ADA Whalley's testimony was corroborated by Mr. DeSipio's own 2016 testimony that he did not discuss the case with Mr. Peruto and did not recall an offer based on Appellant's cooperation. *See* Commonwealth Brief at 15-16. The Commonwealth contends that ADA Whalley's 2016 testimony does not materially contradict his 2019 testimony. *Id.* at 17. Further, the Commonwealth contends that any error of the PCRA court was harmless and cumulative in excluding Attorney Peruto's testimony on direct examination, because, on cross-examination Attorney Peruto testified that ADA Whalley told him directly of the offer, and submitted a written affidavit alleging the same. *Id.* The Commonwealth continues that Peruto's testimony was contradicted by the testimony of ADA Whalley and Attorney DeSipio. *Id.*

The PCRA court acknowledged that it excluded Attorney Peruto's testimony in error, but opined that the error was harmless, reasoning:

> In this case, there was no prejudice to [Appellant] and the evidence that was improperly excluded was duplicative of evidence that had been admitted. First, [Attorney] Peruto conveyed the same information on cross-examination wherein he told this [c]ourt he heard about the 4-to-8 year offer directly from [Attorney] Whalley. Specifically, upon cross-examination questioning he was asked whether he had no idea [sic] if that if that 4-to-8 year offer had actually been extended, to which he answered, "The answer to that question is I do have an idea because Jason told me it was four to eight and so did Rich."

- 10 -

Second, this testimony was given little weight because it is contradicted not only by [Attorney] Whalley's credible testimony at both the 2016 and 2019 hearings, but also based upon the testimony of [Attorney] DeSipio, the only other party who was directly involved in this case, including any plea negotiations. Therefore, [Appellant] was not prejudiced by the improper exclusion of this evidence.

PCRA Ct. Op., 3/4/20, at 22 (record citations omitted).

Our review of the denial of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (quotation marks and citation omitted). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." *Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009) (citations omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). We review "the PCRA court's legal conclusions *de novo*." *See Miller*, 102 A.3d at 992 (citation omitted).

We presume that the petitioner's counsel was effective. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). To establish a claim of ineffectiveness, a petitioner "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted). A

petitioner must establish (1) that the underlying claim has arguable merit; (2) that counsel lacked a reasonable basis for his action or inaction; and (3) but for the act or omission in question, the outcome of the proceedings would have been different. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). "A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs." *Id.* (citation omitted).

When a PCRA petitioner contends that a plea offer was not conveyed to him by counsel, the petitioner has the burden of proving that: "(1) a [plea offer] was made; (2) trial counsel failed to inform him of such [an] offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4) he was prejudiced thereby." *Commonwealth v. Chazin*, 873 A.2d 732, 735 (Pa. Super. 2005) (citation omitted). "Where the PCRA court's determination of credibility is supported by the record, [this Court] will not disturb it on appeal." *Commonwealth v. Marinez*, 777 A.2d 1121, 1124 (Pa. Super. 2001) (citation omitted).

With regard to Appellant's further claims

[t]he admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Woodard*, 129 A.3d 480, 494 (Pa. 2015) (quotation marks and citations omitted).  With regard to evidentiary rulings, any error is harmless[4] where:

> (1) the error did not prejudice the defendant or the prejudice was *de minimis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.
>
> An error will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict.

*Commonwealth v. Yockey*, 158 A.3d 1246, 1254 (Pa. Super. 2017) (*quoting Commonwealth v. Chmiel*, 889 A.2d 501, 521, 528 (Pa. 2005)) (quotation marks omitted).

As the PCRA court admits that it excluded the testimony in error, we need not examine whether or not the testimony was inadmissible hearsay. Rather, we must determine whether the error was harmless.  Here, Appellant contends that the exclusion of evidence resulted in a one-sided record and the court finding ADA Whalley's unchallenged testimony credible.  In support of this contention, Appellant points to *Commonwealth v. Greene*, 366 A.2d

---

[4] We note that the harmless error standard generally applies to evidentiary rulings at criminal trials while the present case involves a PCRA hearing. However, all parties and the trial court refer to the harmless standard without further distinction.

- 13 -

234 (Pa. 1976), where the Pennsylvania Supreme Court concluded that the trial court had improperly excluded testimony from a defense witness that would have corroborated the defendant's theory of defense, *i.e.*, that he had been intending to illegally buy drugs rather than commit a murder. **Greene**, 366 A.2d at 237.

In **Greene**, the defendant was convicted of second-degree felony murder. **Id.** at 235. At trial, he sought to introduce the testimony of a witness who would have corroborated his testimony that the victim's husband illegally sold drugs without prescriptions, and had observed young men obtaining pills without prescriptions, and had consulted with authorities for the purpose of watching the store. **Id.** at 237. Our Supreme Court observed that

> Although it was the jury's prerogative to assess the credibility of the witness and the weight to be attributed to his testimony, the proffered testimony definitely was relevant to the proposition upon which the defense was building its case. The exclusion of this testimony, therefore, was improper. **Commonwealth v. Bailey**, [299 A.2d 298 (Pa. 1973)]; **Commonwealth v. Collins**, [290 A.2d 121 (Pa. 1972)].
>
> In **Bailey**, *supra*, the trial court excluded testimony of two witnesses who had borrowed money from a money-lender named Robinson. We held that this was reversible error because the testimony would have supported Bailey's version as to his own dealings with Robinson and his reason for going to his house. We find the instant case to be indistinguishable from the situations present in **Bailey** and **Collins**. An accused has a fundamental right to present defensive evidence so long as such evidence is relevant and not excluded by an established evidentiary rule.

**Id.** at 237 (some citations omitted).

This case is distinguishable from **Greene** as the testimony proffered by Attorney Peruto was in fact introduced in several forms, by his written affidavit, which was introduced into evidence as Defendant's Exhibit 3, as well as his testimony, on cross-examination, that ADA Whalley had directly informed him of the offer to appellant. **See** N.T., 10/21/19, at 21-22; **see also** N.T., 10/21/19, Def. Ex. 3. Specifically, on cross examination he stated that ADA Whalley "told me what the offer was to my face . . . [ADA Whalley] told me it was four to eight and so did [Attorney DeSipio]" and "the answer to your question is that I do have an idea because [ADA Whalley] told me that it was four to eight and so did [Attorney DeSipio]." N.T., 10/21/19, at 21-22. Attorney Peruto's affidavit stated that he complained to ADA Whalley about the offer to his own client, and was informed about offers to other defendants. **Id.** at Def. Ex. 3. The affidavit further stated, "I am positive I learned at that time the offer for [Appellant] was 4-8 years [sic] incarceration . . . because of his record." **Id.**

Based on our review, we agree with the PCRA court that while it erred in sustaining the Commonwealth's hearsay objection, the objected to testimony was cumulative of Attorney Peruto's other properly admitted testimony, on cross-examination and in his affidavit, describing the four to eight year plea offer and the circumstances under which Attorney Peruto believed that the Commonwealth extended that offer to Appellant. Ultimately, however, the PCRA court stated in its opinion that it did not afford the testimony much weight, given that it was directly contradicted by Attorney

DeSipio's own testimony that the only offer he recalled was a three to six year offer with cooperation and testimony. *See* PCRA Ct. Op., 3/4/20, at 22. Additionally, the court found that Attorney Peruto's testimony was directly contradicted by the credible testimony of ADA Whalley. *Id.* Accordingly, no relief is due.

Appellant's second argument avers that the testimony of ADA Whalley was not credible. *See* Appellant's Brief at 23. Specifically, Appellant points to ADA Whalley's 2016 testimony that an offer based on Appellant's cooperation "could have happened early on," because another ADA was also assigned to the case, but later testified that such an offer was "something we wouldn't have done." *Id.* at 23-24. Appellant additionally argued that ADA Whalley's prior testimony, namely, that he worked with another ADA on the case and that a three to six year offer with cooperation was reasonable, was inconsistent with his testimony at the hearing in 2019. *Id.* at 25-26.

Again, we note that "[a] PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." *Johnson*, 966 A.2d at 539.

Here, a review of the record establishes that ADA Whalley's 2019 testimony does not materially contradict his prior testimony. Initially, in 2016, ADA Whalley was asked whether he remembered making an offer contingent on the defendant testifying. He responded, "That could have happened early on. As I said, co-counsel in the case was [ADA] Lupinacci. As I sit here, I don't remember, no." N.T., 2/5/16, at 22. Similarly, though he conceded

that a lower offer contingent upon cooperation "sound[ed] reasonable," he again stated he did not recall making a three to six year offer. *Id.* at 21-22. In 2019, ADA Whalley testified that he would not have agreed to a specific sentence in exchange for cooperation; "at that time, we would offer people open pleas . . . we can go over the guidelines with them to determine what they could be facing. But that was entirely up to the judge." N.T., 9/27/19, at 22-23. Unequivocally, ADA Whalley denied making a four to eight year offer. *Id.* at 22-27, 54-55. Regardless, it is clear in 2016 and 2019 that ADA Whalley testified that he did not make a four to eight year offer.

In sum, ADA Whalley testified that he had not made an offer, while Attorney Peruto testified that there was an offer for four-to-eight years without cooperation. However, Attorney Peruto admitted he was not present when an offer was extended to Appellant. At the conclusion of the testimony, the PCRA court made its credibility determination in favor of the Commonwealth. Thus, because the PCRA court's credibility determination is supported by the record, we will not disturb it on appeal. *See Johnson*, 966 A.2d at 539; *Marinez*, 777 A.2d at 1124. Appellant has failed to establish that his underlying claim is of arguable merit, he is not entitled to relief on the claim. Thus, we affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/09/2021