**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Barry CHAZIN, Appellee.**

Superior Court of Pennsylvania.

Submitted Feb. 14, 2005.

Filed April 22, 2005.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Wentworth D. Vedder, Philadelphia, for appellee.

Before: STEVENS, ORIE MELVIN, and JOHNSON, JJ.

JOHNSON, J.:

¶ 1 The Commonwealth of Pennsylvania, through the District Attorney of Philadelphia County, appeals the trial court's order granting a new trial to Barry Chazin pursuant to provisions of the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–46. The court concluded that Chazin's lawyer provided ineffective assistance of counsel (IAC) in having failed to offer the defendant appropriate advice concerning the Commonwealth's offer to recommend a sentence below the mandatory minimum in exchange for his guilty plea to a charge of Robbery. The Commonwealth counters that the court erred in finding IAC because the Commonwealth withdrew the of-

fer prior to the plea hearing and the sentencing judge remarked that he would not have accepted the plea bargain on the terms specified. The Commonwealth argues accordingly that Chazin failed to establish that he suffered prejudice and therefore cannot establish IAC. We concur in the Commonwealth's assessment and, consequently, reverse the trial court's order.

¶ 2 On August 27, 2001, Chazin entered a negotiated guilty plea to one count each of Robbery, Possessing Instruments of Crime (PIC), and Criminal Conspiracy in connection with his gunpoint hold-up of a Philadelphia delicatessen. In exchange for his plea, the Commonwealth recommended a sentence of nine to eighteen years' incarceration for Robbery coupled with a consecutive term of twelve years' reporting probation for Criminal Conspiracy and a concurrent term of five years' reporting probation for PIC. The Commonwealth then dismissed a host of other charges, including two counts of Aggravated Assault. The court accepted Chazin's negotiated plea and later imposed the recommended sentence.

¶ 3 Chazin did not file a direct appeal but, on March 18, 2002, filed, *pro se*, his first post-conviction petition. Chazin alleged that his first appointed trial counsel, Mark Damian Hauser, Esquire, rendered IAC in having failed to advise him adequately on an earlier plea offer that the Commonwealth tendered that would have allowed him a term of incarceration of only four to eight years. In response to Chazin's claims, the trial court, the Honorable D. Webster Keogh, appointed post-conviction counsel and convened an evidentiary hearing. At the hearing, Chazin and Attorney Hauser offered conflicting accounts of the terms of the disputed plea offer. Attorney Hauser testified, and the court accepted, that the Commonwealth first

limited the offer to the day of the pre-trial conference on March 27, 2001, but at counsel's request, extended it to the date of the informal attorney conference. When the conference ultimately convened on June 11, 2001, the Commonwealth withdrew the offer and extended a new offer which, due to the strength of the Commonwealth's case, Chazin was compelled to accept. The new offer, however, more than doubled the recommended term of Chazin's incarceration, prompting Chazin to assert that had counsel effectively communicated with him prior to the June 11 withdrawal date, he would have accepted the Commonwealth's offer.

¶ 4 Chazin and his former counsel each attribute responsibility for failed communication to the other, counsel contending that although he sent the offer to Chazin in a letter, Chazin never responded and later told him that he had chosen to take the case to trial with the aid of another lawyer. Chazin countered that he had called counsel's office on numerous occasions to discuss the offer, intending to accept it, but had never received a return call. Following the hearing, Judge Keogh, relying on our decision in *Commonwealth v. Copeland*, 381 Pa.Super. 382, 554 A.2d 54, 60–61 (1988), concluded that counsel had failed to offer appropriate and timely professional advice concerning the plea and had thereby rendered IAC. Trial Court Opinion, 6/29/04, at 3. Accordingly, the court granted Chazin's petition and ordered a new trial. The Commonwealth then filed this appeal, raising the following question for our review:

> Given that the Commonwealth's offer of a plea agreement is unenforceable prior to its acceptance by the trial court, would defendant's post-conviction claim-that counsel was ineffective for inadequately advising him with respect to a plea offer-have been rejected for lack of prejudice, since the Commonwealth withdrew the offer before defendant could agree to it and the trial court would not have accepted the proposed agreement in any event?

Brief for Appellant at 2.

¶ 5 The Commonwealth's claim impugns the trial court's disposition of Chazin's post-conviction petition. Our standard of review of a trial court's disposition of a post conviction petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa.Super.2003). Nevertheless, we remain mindful that post-conviction claims may not be freely granted without a substantial demonstration by the petitioner to show not merely the abstract merit of his claim, but also its impact on the result in his case.

> PCRA claims are not merely direct appeal claims that are made at a later stage of the proceedings, cloaked in a boilerplate assertion of counsel's ineffectiveness. In essence, they are extraordinary assertions that the system broke down. To establish claims of constitutional error or ineffectiveness of counsel, the petitioner must plead and prove by a preponderance of evidence that the system failed (*i.e.*, for an ineffectiveness or constitutional error claim, that in the circumstances of his case, including the facts established at trial, guilt or innocence could not have been adjudicated reliably), that his claim has not been previously litigated or waived, and where a claim was not raised at an earlier stage of the proceedings, that counsel could not have had a rational strategic or tactical reason for failing to litigate these claims earlier.

*Commonwealth v. Rivers*, 567 Pa. 239, 786 A.2d 923, 929 (2001).

¶ 6 Consequently, in assessing claims of IAC, the court's evaluation of counsel's performance must be "highly deferential," its determination based not upon "the distorting effects of hindsight," *Commonwealth v. Basemore,* 560 Pa. 258, 744 A.2d 717, 735 (2000), but upon a preponderance of the evidence in each of three categories. Thus, claims of IAC may provide grounds for relief only where the petitioner establishes that: 1) his underlying claim is of arguable merit, 2) counsel lacked any reasonable basis for the act or omission alleged, and 3) that the petitioner was prejudiced as a result, *i.e.,* "that there is a reasonable probability that, but for the act or omission challenged, the outcome of the proceeding would have been different." *Rivers,* 786 A.2d at 927; *see also Commonwealth v. Shaffer,* 763 A.2d 411, 415 (Pa.Super.2000). "Ordinarily, a claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet a single one of these prongs." *Basemore,* 744 A.2d at 738 n. 23.

¶ 7 In this case, the trial court found counsel ineffective and granted Chazin a new trial based on our holding in *Copeland,* requiring counsel to advise his client specifically on "the risks, hazards and prospects of the case" as a foundation for a knowing and voluntary plea. 554 A.2d at 61. We recognized there that:

> The decision whether to plead guilty or contest a criminal charge is probably the most important single decision in any criminal case. This decision must finally be left to the client's wishes; counsel cannot plead a man guilty, or not guilty, against his will. But counsel may and must give the client the benefit of his professional advice on this crucial decision, and often he can protect the client adequately only by using a considerable amount of persuasion to convince the client that one course or the other is in the client's best interest. Such persuasion is most often needed to convince the client to plead guilty in a case where a not guilty plea would be totally destructive.

*Id.* at 60. In this case, as in *Copeland,* counsel failed to provide the defendant with any significant advice concerning the Commonwealth's initial offer. The evidence shows, as Judge Keogh found, that Chazin's counsel had no contact with him after he sent the offer by mail until the day of the informal attorney conference several months later. Accordingly, we agree with the trial court that counsel's failure here, as in *Copeland,* to provide an adequate and timely explanation of the Commonwealth's offer demonstrates the *arguable merit* of Chazin's claim. Accordingly, the first prong of the three necessary to establish IAC is satisfied.

¶ 8 The element of *prejudice* poses a thornier question. In *Copeland,* we addressed neither prejudice nor reasonable basis, merely vacating the judgment of sentence with direction to the trial court to hold an evidentiary hearing on remand. *See id.* at 61. However, in so doing we reaffirmed the obligation of the petitioner to satisfy the remaining two elements of IAC:

> At such hearing, in order to be entitled to relief, appellant will have the burden of proving that: (1) an offer for a plea was made; (2) trial counsel failed to inform him of such offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4) he was prejudiced thereby.

*Id.* Although we allowed the possibility that the petitioner might be awarded a new trial if he sustained this showing, we directed also that "[i]f, however, he fails to meet the burden of proving these facts, the judgment of sentence may be reinstated." *Id.* Moreover, while the case authority on

which we relied in *Copeland* appeared to suggest a presumption of prejudice where counsel fails to provide necessary advice on a plea offer, we rejected that presumption implicitly and remanded the matter for an evidentiary hearing. *See id.* (quoting *Commonwealth v. Napper*, 254 Pa.Super. 54, 385 A.2d 521, 524 (1978)). A brief reckoning of *Napper* demonstrates why.

¶ 9 We recognized in *Napper* that

we cannot be sure that the trial court, which after trial imposed very heavy sentences, would have accepted the plea bargain. These uncertainties, however, in no way affect the fact that counsel, for no good reason, failed to take action that arguably might have furthered appellant's interests. In other words: It cannot be denied that upon proper advice, appellant might have accepted the offered plea bargain; nor that, while a court may reject a plea bargain, as a practical matter—especially in crowded urban courts—this rarely occurs.

*Napper*, 385 A.2d at 524. Significantly, although *Napper* analyzes a post-conviction claim of IAC, it pre-dates our Supreme Court's recognition that "the defendant must show that the deficient performance prejudiced the defense [by showing] that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); *see also Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 330 (1999) (analyzing prejudice requirement under *Pierce*) ("[A] successful ineffective assistance of counsel claim requires a showing by the defendant that, but for counsel's act or omission, the outcome of the proceedings would have been different."). Hence, while *Copeland* itself, decided in 1989,

recognized the imperative for the defendant's satisfaction of the prejudice prong, the discussion in *Napper* on which it relied and which the trial court appears to have followed, did not. What remains then to be satisfied here is the mandate of *Pierce* and its progeny that the defendant establish the prejudice occasioned by the act or omission he asserts, namely, counsel's failure to advise him expressly concerning the prospects of his defense and desirability of the Commonwealth's initial offer. *See Rivers*, 786 A.2d at 929 (defining prejudice as "a reasonable probability that, but for the act or omission challenged, the outcome of the proceeding would have been different").

¶ 10 We conclude that the record precludes this requisite showing of prejudice and compels our conclusion that the trial court abused its discretion in granting post-conviction relief. In support of his order, Judge Keogh concluded that Chazin was prepared to accept the Commonwealth's offer at the Informal Attorney Conference on June 11 and that the Commonwealth's withdrawal of the offer deprived him of the benefit of his counsel's "bargain" that the offer would remain open "until the conference." Trial Court Opinion, 6/29/04, at 5. The Commonwealth argues that, notwithstanding its withdrawal of the offer at the conference, Chazin cannot establish prejudice due to the plea judge's announced refusal to accept so lenient a sentence. Brief for Appellant at 5. We concur in the Commonwealth's assessment.

¶ 11 In so stating we note that, to the extent the Commonwealth's withdrawal of the original offer *at* the Informal Attorney Conference may have violated its agreement to hold the offer open "*until* the conference," Judge Keogh's displeasure was warranted. Such bait-and-switch

practice bespeaks a lack of candor and carries potential detriment not only to individual defendants on whom it might be imposed, but also to the Commonwealth itself, exposing the integrity of its officers to question. Nevertheless, the fact remains that even had the Commonwealth not withdrawn the original offer and Chazin accepted it, the extent to which the trial court would have accepted the resulting plea bargain remains at best uncertain.

¶ 12 "The Pennsylvania Rules of Criminal Procedure grant the trial court broad discretion in the acceptance and rejection of plea agreements. There is no absolute right to have a guilty plea accepted." *Commonwealth v. Hudson,* 820 A.2d 720, 727–28 (Pa.Super.2003). Accordingly, our Courts have reaffirmed that "[w]hile the Commonwealth and a criminal defendant are free to enter into an arrangement that the parties deem fitting, the terms of a plea agreement are not binding upon the court. Rather the court may reject those terms if the court believes the terms do not serve justice." *Commonwealth v. White,* 787 A.2d 1088, 1091 (Pa.Super.2001). As these holdings make apparent, the Commonwealth's offer of plea, even if accepted by the defendant unequivocally, does not dispose of a criminal prosecution; indeed, the plea bargain is of no moment until accepted by the trial court. Consequently, in the context of Chazin's IAC claim, prejudice, *i.e.,* the "reasonable probability that, but for the act or omission challenged, the outcome of the proceeding would have been different," *see Rivers,* 786 A.2d at 927, cannot be established.

¶ 13 Chazin presented no evidence at the IAC hearing that had he accepted the Commonwealth's original offer, the trial court, in this instance the Honorable Eugene Maier, would have accepted the resulting plea bargain. In point of fact, the only evidence of record on the point suggests the contrary. Chazin's former counsel, Mr. Hauser, testified that when he apprised Judge Maier at sidebar of the Commonwealth's original offer and its subsequent withdrawal, Judge Maier responded that he would not have accepted a plea bargain based on those terms:

Q. When you arrived in Courtroom 1007 on June 11th for the trial listing in front of Judge Maier, the district attorney at that time revoked the original plea offer; is that correct?

A. That's correct.

\* \* \* \* \* \*

I had a sidebar with Judge Maier and I let him know on March 27th at the pretrial that I didn't have a chance to speak with my client because the offer was given to me the day of the trial, on the first pretrial[.]

\* \* \* \* \* \*

Q. When you told Judge Maier the four to eight year offer had been revoked, what was his response?

A. He said he didn't care, he wouldn't have accepted it anyway.

N.T., PCRA Hearing, 1/22/04, at 26. This testimony, if accepted as a marker of what Judge Maier would have done, is arguably hearsay; nevertheless, it did not elicit an objection and need not be excluded from consideration. If considered, it undermines completely Chazin's assertion of prejudice, demonstrating that even if his counsel had acted more promptly, enabling him to accept the Commonwealth's original offer, nothing would have changed. The court would have rejected the resulting bargain. Moreover, if excluded, the testimony leaves a void in the record in the presence of which Chazin cannot prevail. Without evidence that the result of the plea bargain process would have been different had he been able to accept the Commonwealth's original offer, Chazin

necessarily fails to satisfy the prejudice prong requisite to a finding of IAC.

¶ 14 For the foregoing reasons, we conclude that Judge Keogh's award of post conviction relief in the form of a new trial constitutes an abuse of discretion.

¶ 15 Order REVERSED. Judgment of sentence REINSTATED. Case REMANDED for execution of original sentence. Jurisdiction RELINQUISHED.