J-S85021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IMANUEL FORBES | : | |
| | : | |
| Appellant | : | No. 3671 EDA 2015 |

Appeal from the PCRA Order November 4, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006926-2013

BEFORE: PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:           **FILED JANUARY 10, 2017**

Appellant Imanuel Forbes appeals from the order denying his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history are as follows. In August 2013, Appellant got into the car of his cousin Daniel Taylor ("Taylor") to smoke marijuana, and they picked up a third man, Tereek Irving ("Irving"). *See* Notes of Testimony ("N.T."), 4/30/2014, at 117, 124-125, 128. Taylor climbed onto the roof of a residence and broke in through a second floor window to look for marijuana inside the house. N.T., 4/30/2014, at 64, 76-77. A thirteen year-old boy ("Boy") was home alone at the time playing videogames. N.T., 4/29/14, at 45-46. Taylor put a gun to Boy's head and led him downstairs to open the front door and let a second man in, but the alarm went off, sending a signal to the police. *See id.* at 48, 68-70.

Boy testified that Appellant told him to turn the alarm off and to sit in the kitchen. *See id.* at 49. The other men handed Boy's PlayStation 3 to Appellant. *See id.* Appellant waited with Boy as Taylor and Irving brought a bucket of marijuana downstairs. N.T., 4/30/2014, at 129-30. When they opened the front door and saw the police were outside, two of the men ran back into the house. *See* PCRA Ct. Op., 2/3/2016, at 4. Appellant brought Boy into the basement to show him another way out. N.T., 4/29/14, at 50-51. When Boy opened basement walkout door, he ran out to the cops. *See id.* at 52. A police dog found Appellant in an upstairs bedroom closet where he was hiding. *See* N.T., 4/30/2014, at 22-21, 24, 133. Five feet from Appellant's hiding spot, the police found a loaded firearm in a dresser drawer. *See id.* at 24. Appellant was arrested and charged with, *inter alia,* conspiracy to commit robbery and burglary.

At a pre-trial conference on January 27, 2014, the Commonwealth conveyed an offer to Appellant: that if he would plead guilty to the charges in this case and another unrelated PWID case, the Commonwealth would recommend three- to six-year terms of incarceration to run consecutively for each case. *See* N.T., 1/27/2014, at 4-5. Trial counsel discussed the plea with Appellant at the pre-trial conference and when visiting him in prison. *See*, N.T., 9/25/2015, at 5, 31, 39.

Before trial on April 29, 2015, the Commonwealth gave Appellant a negotiated plea offer: that if Appellant would plead guilty to the charges in

both cases, the Commonwealth would recommend an aggregate sentence of three to six years plus five years of consecutive probation in each case to run concurrently. *See* N.T., 4/29/2015, at 3. Appellant rejected the proposed negotiated plea for concurrent time in both cases. *See id.* at 4.

Following a jury trial, Appellant was found guilty of burglary, robbery, conspiracy to commit robbery, and conspiracy to commit burglary.[1] On June 25, 2014, Appellant was sentenced to five to ten years' incarceration on each of the burglary and robbery charges, and three to six years for criminal conspiracy, for an aggregate of thirteen to twenty-six years' incarceration followed by five years' probation. *See* N.T., 6/25/2014, at 10.

Appellant retained new counsel and timely filed a direct appeal. On October 21, 2014, Appellant made the counseled decision to withdraw his direct appeal in order to pursue a petition for collateral relief. This Court granted Appellant's motion to withdraw his direct appeal. *See* ***Commonwealth v. Forbes***, 2150 EDA 2014, Super. Ct. Order, 10/21/2014.

Thereafter, Appellant timely filed a counseled PCRA petition asserting an ineffective assistance of trial counsel in failing to advise him to accept a plea before trial. *See* PCRA Petition, 4/2/2015. In his underlying PCRA petition, Appellant argued that he was entitled to reinstatement of the Commonwealth's plea deal offered on April 29, 2013. *See*, ***generally***,

---

[1] Respectively, 18 Pa.C.S. § 3502(A)(1), § 3701(A)(1)(ii), § 903.

- 3 -

Memorandum of Law in Support of PCRA Petition, 4/2/2015.

The PCRA court held an evidentiary hearing on September 24, 2015. Appellant testified that counsel informed him of the January 2014 offer of three to six years to run consecutively with a three to six year deal in his PWID case. *See*, N.T., 9/24/2015, at 4-5. He understood trial counsel's advice to mean that the plea offer was not a good deal, but that counsel would try to negotiate a better deal, and counsel did in fact get him a better deal. *See id.* at 6, 16.

Trial counsel testified that he conveyed the plea on multiple occasions; however, Appellant maintained his innocence. *See id.* at 25-26, 28, 39-40. Counsel discussed how he believed the Commonwealth would go for a concurrent time deal. *See id.* at 32. Counsel reviewed the evidence with Appellant as well as the strengths and weaknesses of his case on multiple occasions. *See id.* at 29, 26-27, 30, 32-33, 39.[2] According to trial counsel, the only thing he could have done differently to get Appellant to accept the plea would have been to scream at him, because Appellant asserted he was innocent and wanted to testify. *See id.* at 30.

_____

[2] In particular, counsel "ran through the options," he explained that the likelihood of a non-guilty verdict would depend on the little boy's testimony, and his ability to identify Appellant as one of the people in the house. *Id.* at 26, 28. They also discussed how the evidence in the PWID case came down to credibility of his and another witness's testimony. *See id.* at 32.

Following the hearing, the PCRA court denied Appellant's petition. ***See*** Order, 11/4/2015. Appellant timely filed an appeal and a court-ordered Pa. R.A.P. 1925(b) statement. ***See*** Appellant's Rule 1925 Statement, 1/4/2016. The PCRA Court issued a responsive opinion. ***See*** PCRA Ct. Op., 2/4/2016.

On appeal, Appellant presents one issue:

1. Did the PCRA court err by holding that Defendant's trial counsel was not ineffective for failing to offer advice about a plea offer where the record does not support the conclusion that Defendant was advised about the specific offer that was made to him minutes before his trial commenced?

Appellant's Br. at 4.

Appellant contends that trial counsel was ineffective in failing to convey the concurrent time offer before it was offered in court on April 29, 2014. ***See*** Appellant's Br. at 15; N.T., 9/24/2015, at 6-7. He maintains that there was "no evidence of record to support the inference that [Appellant] was ever advised of the pros and cons" of that deal. ***Id.*** at 15, 19. Appellant contends that "[w]ithout any advice from his lawyer, [he] foolishly elected to proceed to trial, and the plea offer was withdrawn." ***Id.*** at 13 (citing N.T., 4/29/2014, at 4). Thus, Appellant contends the PCRA court erred in denying Appellant relief.

Our standard of review is well settled.

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, [w]e grant great deference to the factual findings of the PCRA court and will not

disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. [W]here the petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

*Commonwealth v. Steckley*, 128 A.3d 826, 831 (Pa. Super. 2015), *alloc. denied*, 140 A.3d 13 (Pa. 2016); *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014); *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012), *alloc. denied*, 55 A.3d 1177 (Pa. 2013) (internal quotation marks and citations omitted).

To overcome the presumption of counsel's effectiveness, a petitioner must show:

(1) [T]he underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Reed*, 971 A.2d 1216, 1221 (Pa. 2009) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987)). "[A] PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence." *Steckley*, 128 A.3d at 831.

"Defense counsel has a duty to communicate to his client, not only the terms of a plea bargain offer, but also the relative merits of the offer compared to the defendant's chances at trial." *Commonwealth v. Napper*, 385 A.2d 521, 524 (Pa. Super. 1978). To establish ineffectiveness in this context, a petitioner must establish that "(1) an offer for a plea was made;

(2) trial counsel failed to inform him of such offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4) he was prejudiced thereby." **Commonwealth v. Chazin**, 873 A.2d 732, 735 (Pa. Super. 2005); **see also Commonwealth v. Copeland**, 445 A.2d 54, 60-61 (Pa. Super. 1988) (holding that counsel failed to offer appropriate and timely professional advice concerning a plea). To find prejudice, there must be a "reasonable probability" that but for counsel's errors, the petitioner would have accepted the plea. **Steckley**, 128 A.3d at 832; **Lafler v. Cooper**, 132 S.Ct. 1376, 1389 (2012).

After considering the evidence, the PCRA court deemed trial counsel's testimony as more credible than Appellant's and dismissed the petition. **See** PCRA Ct. Op., 2/4/2016, at 3, 8, 12 (referencing N.T., 9/24/2015, at 29-30). Here, the PCRA court found counsel's actions "were reasonable under the circumstances" and that Appellant "failed to prove that in any case he would have accepted the Commonwealth's offer." PCRA Ct. Op. at 12-13. Moreover, the court found "[b]oth offers were reviewed in court with [Appellant], trial counsel and the assistant district attorney present." **Id.** at 8. Thus, the PCRA court determined that Appellant failed to establish that his claim had arguable merit. **See id.** at 12.

The PCRA court's findings are supported by the record. In this case, counsel explained the strengths and weaknesses of Appellant's case with him two or three times. Counsel testified credibly that he explained the

- 7 -

possibility of a concurrent time deal to Appellant. Appellant acknowledged that he told counsel that he would accept a nice deal if it was on the table. On the day of trial, Appellant knew that co-defendant Taylor pled guilty the day before and had signed a statement implicating Appellant as a co-conspirator. Yet, when the Commonwealth put the offer on the table, Appellant failed to take the deal despite the evidence against him.

Appellant's claim that counsel did not "give [him] the right counseling that [he] needed at that moment in time" is not sufficient to warrant relief. N.T., 9/24/2015, at 19. A mere hindsight observation that the negotiated plea offered before trial was a good deal, which Appellant failed to accept, is insufficient to establish that counsel "failed to provide defendant with any significant advice concerning the Commonwealth's initial offer." *Chazin*, 873 A.2d at 735; *Copeland*, 445 A.2d at 60.

At the evidentiary hearing, Appellant failed to establish credibly that counsel failed to communicate the plea offer. *See Steckley*, 128 A.2d at 832-33. Thus, Appellant's PCRA petition necessarily fails to surpass the threshold inquiry to establish that his claim has arguable merit. *See Chazin*, 873 A.2d at 735. We discern no abuse of discretion. Accordingly, the PCRA court's order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/10/2017