J-S55031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WALTER DONALD BRADSHAW | : | |
| | : | |
| Appellant | : | No. 561 WDA 2020 |

Appeal from the PCRA Order Entered July 12, 2019
In the Court of Common Pleas of Bedford County Criminal Division at
No(s): CP-05-CR-0000445-2010

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 10, 2021**

Walter Donald Bradshaw appeals from the July 12, 2019 order that denied his petition filed under the Post-Conviction Relief Act ("PCRA"). After careful review, we vacate and remand for further proceedings.

As previously summarized by this Court, this case concerns "allegations of [Appellant] sexually assaulting H.O., an unrelated, minor female, over a period of approximately two years." ***Commonwealth v. Bradshaw***, 116 A.3d 699 (Pa.Super. 2014) (unpublished memorandum at 1). The charges in this case stem from Appellant spending a night with the victim at a hotel, where he "initiated sexual contact despite H.O.'s protests." ***Id***.

Appellant was represented at his trial by Thomas Crawford, Jr., Esquire ("Attorney Crawford"), and Barbara Weiss, Esquire ("Attorney Weiss").

---

[*] Retired Senior Judge assigned to the Superior Court.

Ultimately, a jury convicted Appellant of rape of a child and numerous related crimes. The trial court sentenced Appellant to an aggregate term of sixty-six years and eight months to 150 years of incarceration. Appellant filed a timely direct appeal to this Court, which affirmed his judgment of sentence. *Id*. at 11. Appellant petitioned for allowance of appeal before our Supreme Court, which denied his request to appeal. *Commonwealth v. Bradshaw*, 118 A.3d 1107 (Pa. 2015) (*per curiam* order).

On October 11, 2016, Appellant filed a timely PCRA petition alleging that Attorneys Crawford and Weiss "were ineffective for failing to introduce into the record at trial medical records detailing [H.O.'s] medical examination[.]" Memorandum Opinion, 7/12/19, at 2. A hearing was held to investigate these claims. However, at the PCRA hearing, Attorney Crawford's testimony revealed serious concerns unrelated to Appellant's initial allegations.

Specifically, Attorney Crawford began his testimony by claiming that he had "endless" but unsuccessful discussions with then-District Attorney William Higgins, Esquire ("DA Higgins"), concerning a potential plea. *See* N.T. PCRA Hearing, 7/13/18, at 5-7, 11. Moments later, however, Attorney Crawford suddenly conceded that he could neither remember nor directly testify as to the plea discussions involving the Commonwealth. *Id*. at 11-13. Specifically, Attorney Crawford testified that Attorney Weiss had handled these negotiations with the Commonwealth. As such, Attorney Crawford acknowledged that the Commonwealth may have advanced a plea

counteroffer that Appellant may not have been informed about.[1] *Id*. Immediately after this disquieting testimony, Appellant and the Commonwealth jointly requested that the PCRA court enter a continuance to permit further investigation, which the court granted.

On August 1, 2018, Attorney Crawford passed away unexpectedly. At a follow-up hearing, "both [Appellant] and the District Attorney noted they wished to discuss a potential settlement but needed additional time." Trial Court Opinion, 5/28/20, at 3. Eventually, "the parties informed the [PCRA court] that they had agreed that [Appellant] had been denied effective assistance of counsel during pre-trial negotiations," and the Commonwealth concurred in Appellant receiving some manner of relief under the PCRA. *Id*. Specifically, the parties proposed that Appellant's conviction be vacated. Thereafter, he would plead guilty to certain charges and, in return, receive an aggregate sentence of ten to twenty-five years of incarceration followed by twenty years of probation. *Id*.

The PCRA court provided the parties with an opportunity to file briefs in support of this proposed resolution, but did not contemplate any additional hearings or amended filings. Thereafter, the PCRA court provided a number

---

[1] Prior to disclaiming responsibility for the plea negotiations during his muddled testimony, Attorney Crawford averred that he had made an initial offer to the Commonwealth that Appellant would plead guilty in exchange for a total sentence of "five years" of incarceration. *See* N.T. PCRA Hearing, 7/13/18, at 13. Although Attorney Crawford initially testified that the Commonwealth refused this offer without tendering a counteroffer, he immediately backtracked by disclaiming that he did not handle the negotiations directly. *Id*. at 13-15.

of extensions for the completion of this supplemental briefing. However, the parties ultimately averred that they were unable to "to find authority to support the agreed upon disposition proposed to the [PCRA court] on October 2, 2018, since the evidence [had] not been fully developed on the issue of ineffectiveness of counsel during pre-trial representation." **See** Joint Motion for Reconsideration, 5/2/19, at ¶ 22. Thus, the parties requested that the PCRA court "reconvene the evidentiary hearing for the parties to present additional evidence to the Court upon which a ruling on all of the claims of ineffective assistance of counsel could be based." **Id**. at ¶ 26.

On July 12, 2019, the PCRA court denied this joint petition for a new evidentiary hearing. On August 14, 2019, Appellant filed a motion for reconsideration requesting, *inter alia*, leave to amend his PCRA petition to include these allegations concerning the ineffectiveness of trial counsel. **See** Appellant's Motion for Reconsideration, 8/14/19, at ¶ 31. This filing also noted the marked deficiencies in the incomplete testimony from the PCRA hearing. **Id**. at ¶ 29 ("Notably, examination of former [DA] Higgins never occurred nor did counsel question [Attorney Weiss], who also represented [Appellant] and who [Attorney Crawford] indicated was involved in pre-trial negotiations."). This motion was also denied by the PCRA court. On July 12, 2019, the PCRA court entered an order and memorandum opinion denying Appellant's petition.

After Appellant's counsel initially failed to file an appeal, the PCRA court reinstated his appellate rights *nunc pro tunc* due to ineffective assistance. This timely appeal followed. Both Appellant and the PCRA court have complied

- 4 -

with their respective requirements pursuant to Pa.R.A.P. 1925.  Appellant has

presented the following issues for our consideration:[2]

> 1.  Whether the PCRA court erred in closing the evidentiary record and dismissing [Appellant's] PCRA petition without affording [Appellant] the opportunity to testify or present the testimony of [Attorney Weiss] and [DA Higgins]?
>
> 2.  Whether the PCRA court erred in dismissing [Appellant's] PCRA petition without affording him the opportunity to amend his petition in writing to include his claim that trial counsel was ineffective in failing to inform [Appellant] of the Commonwealth's plea offers, which was based on testimony revealed during the testimony of trial counsel during the PCRA proceedings?

Appellant's brief at 7.  These issues are closely interrelated, and we will discuss

them collectively below.

In reviewing these issues, we are mindful of the following basic legal

principles that will guide our adjudication:

> Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error.  The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before the court. . . . The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court. . . . However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (internal

quotation marks and citations omitted).

---

[2]  The Commonwealth has not filed a brief or participated in this appeal.

In his first issue, Appellant has challenged the PCRA court's denial of his serial requests to supplement the evidentiary record with an additional hearing. *See* Appellant's brief at 19-20. Rule of Criminal Procedure 908 ("Hearing"), governs this issue and provides, in pertinent part, as follows:

> (A) Except as provided in Rule 907, the judge shall order a hearing:
> . . .
>> (2) when the petition for post-conviction relief or the Commonwealth's answer, if any, raises material issues of fact. However, the judge may deny a hearing on a specific issue of fact when a full and fair evidentiary hearing upon that issue was held at trial or at any proceeding before or after trial.
>>
>> The judge shall schedule the hearing for a time that will afford the parties a reasonable opportunity for investigation and preparation, and shall enter such interim orders as may be necessary in the interests of justice.
>
> (B) The judge, on petition or request, shall postpone or continue a hearing to provide either party a reasonable opportunity, if one did not exist previously, for investigation and preparation regarding any new issue of fact raised in an amended petition or amended answer.
>
> . . .
>
> (D) Upon the conclusion of the hearing the judge shall determine all material issues raised by the defendant's petition and the Commonwealth's answer . . . .

Pa.R.Crim.P. 908. Rule 908 establishes that "a PCRA court should hold an evidentiary hearing where a PCRA petition raises any material issues of fact." *Commonwealth v. Edmiston*, 851 A.2d 883, 889 (Pa. 2004).

Overall, we conclude that the materiality of the troubling testimony at the PCRA hearing is largely self-evident. Attorney Crawford's testimony has

raised a lingering uncertainty as to whether Appellant's trial counsel kept him appropriately informed regarding plea offers from the Commonwealth. **Commonwealth v. Copeland**, 554 A.2d 54 (Pa.Super. 1988), is instructive as to the propriety of granting an evidentiary hearing in this context.

Copeland was convicted of first-degree murder. On appeal, he alleged that trial counsel was ineffective by failing to inform him of an offer from the Commonwealth that would have permitted him to enter an open guilty plea to third-degree murder. Reviewing the case, this Court observed that, "[t]he prevailing view among courts which have considered this issue is that counsel has a duty to inform his client of tendered plea agreements and may be found ineffective for failing to do so." **Id**. at 60. Thus, we held that "there is arguable merit in appellant's contention that counsel was ineffective for failing to tell him of the plea agreement which the Commonwealth had offered." **Id**. at 61. Accordingly, we remanded "for an evidentiary hearing on appellant's claim that trial counsel was ineffective for failing to disclose to him that a plea agreement had been offered by the Commonwealth." **Id**.

While **Copeland** does not explicitly discuss the materiality standard under Pa.R.Crim.P. 908, it relied upon precedent providing that "[w]hen an arguable claim of ineffective assistance of counsel has been made," this Court "shall" remand "to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim[.]" **Copeland**, **supra** at 61. Applying this reasoning to the case at

bar, Attorney Crawford's testimony and the parties' applications clearly raised a material issue of fact, *i.e.*, whether Appellant was misinformed regarding plea offers from the Commonwealth.[3]  The trial court erred by denying the parties' requests for a follow-up evidentiary hearing.[4]  ***Accord Copeland***, ***supra*** at 60-61; ***see also***, ***e.g.***, ***Commonwealth v. Hart***, 199 A.3d 475, 482 (Pa.Super. 2018) (holding that where there are "disputed factual issues," the PCRA court was required to hold an evidentiary hearing "as a matter of law") (citing Pa.R.Crim.P. 908(A)(2)).

Accordingly, we will vacate the underlying order in this case and remand for a supplemental evidentiary hearing consistent with this memorandum.

---

[3]  The Dissent suggests that we may overlook the deficiencies in the record below and proceed to an immediate merits analysis, correctly observing Appellant's claim of ineffectiveness is still subject to the requirement that a petitioner establish prejudice in order to obtain relief.  ***Accord Commonwealth v. Chazin***, 873 A.2d 732, 736 (Pa.Super. 2005). Respectfully, the Dissent's logic does not have an appropriate appreciation for the impact that the paucity of the factual record below has had upon the pleadings in this case.  We perceive any deficiencies in Appellant's allegations of ineffectiveness to be tied inextricably to the PCRA court's erroneous refusal to permit additional fact-finding or amendatory filings.  Accordingly, we will not speculate as to the potential merits of these issues until Appellant's claim for relief has had a full and fair hearing.

[4]  Rule 908(D) only permits the PCRA court to issue a determination of the "material issues" in a case at the "conclusion" of a hearing.  Pa.R.Crim.P. 908(D).  We are not convinced that a half-finished proceeding satisfies the requirement of a "full and fair evidentiary hearing" contemplated by the Pennsylvania Rules of Criminal Procedure.  ***Cf***. Pa.R.Crim.P. 908(A)(2).

Due to the nature of our disposition, we will not address Appellant's second issue concerning amendment of his PCRA petition.[5]

Order vacated. Remand with instructions. Jurisdiction relinquished.

Judge McCaffery joins the memorandum.

Judge Colins files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2021

---

[5] The PCRA court has not offered any justification for denying leave to amend, aside from referencing the approximately six-month period during which the parties unsuccessfully pursued a brokered solution to Appellant's case. While this delay is unfortunate, we do not believe that overlooking a potential issue of effective representation is an acceptable solution. **See Commonwealth v. Crisp**, 193 A.3d 919, 930 (Pa. 2018) ("Adherence to this liberal standard for amendment is essential because criminal defendants may have just one opportunity to pursue collateral relief in state court.").