J-S55031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WALTER DONALD BRADSHAW | : | |
| | : | |
| Appellant | : | No. 561 WDA 2020 |

Appeal from the PCRA Order Entered July 12, 2019
In the Court of Common Pleas of Bedford County Criminal Division at
No(s):  CP-05-CR-0000445-2010

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY COLINS, J.:    **FILED FEBRUARY 10, 2021**

I respectfully dissent, because I believe that Appellant failed to present argument about the "prejudice" prong of the ineffective assistance of counsel test.

> Counsel is presumed to be effective.
>
> To overcome this presumption, a PCRA petitioner must plead and prove that:  (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> A failure to satisfy any of the three prongs of this test requires rejection of a claim of ineffective assistance.

***Commonwealth v. Medina***, 209 A.3d 992, 1000 (Pa. Super. 2019) (internal brackets, citations, and quotation marks omitted) (some additional

---

[*] Retired Senior Judge assigned to the Superior Court.

formatting), *reargument denied* (July 17, 2019). The Majority fails to acknowledge the absence of any discussion by Appellant of this "prejudice" prong of the ineffectiveness test, choosing instead to focus entirely on whether a more complete evidentiary record could establish the "arguable merit" prong. Majority Memorandum at 6-7. In fact, the Majority appears to conflate the question of whether an appellant has established an underlying legal claim of arguable merit with the separate and distinct requirement that an appellant must plead how he was prejudiced by counsel's alleged error. **Compare id.** at 6-7 & 8 n.3 **with Medina**, 209 A.3d at 1000.

Appellant's brief, at 24, 30, relies on **Commonwealth v. Napper**, 385 A.2d 521, 524 (Pa. Super. 1978), which states: "Defense counsel has a duty to communicate to his client, not only the terms of a plea bargain offer, but also the relative merits of the offer compared to the defendant's chances at trial." Appellant's brief, at 29-32, 34, and the Majority Memorandum, at 7, also reference **Commonwealth v. Copeland**, 554 A.2d 54, 61 (Pa. Super. 1988), for the principle that a defendant is entitled to an evidentiary hearing on a "claim that trial counsel was ineffective for failing to disclose to him that a plea agreement had been offered by the Commonwealth."

However,

> although **Napper** analyzes a post-conviction claim of [ineffective assistance of counsel], it pre-dates our Supreme Court's recognition that "the defendant **must show** that the deficient performance **prejudiced the defense** [by showing] that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." **Commonwealth v.**

> ***Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (1987) (citing ***Strickland v. Washington***, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); ***see also Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326, 330 (1999) (analyzing prejudice requirement under ***Pierce***) ("[A] successful ineffective assistance of counsel claim requires a showing by the defendant that, but for counsel's act or omission, the outcome of the proceedings would have been different."). Hence, while ***Copeland*** itself, decided in 1989, recognized the imperative for the defendant's satisfaction of the prejudice prong, the discussion in ***Napper*** on which it relied . . . did not. What remains then to be satisfied here is the mandate of ***Pierce*** and its progeny that the defendant establish the prejudice occasioned by the act or omission he asserts, namely, counsel's failure to advise him expressly concerning the prospects of his defense and desirability of the Commonwealth's initial offer.

***Commonwealth v. Chazin***, 873 A.2d 732, 736 (Pa. Super. 2005) (emphasis added).

Consequently, Appellant still had a duty to plead the prejudice prong sufficiently – even to contend what prejudice he believes could be established once the record were more complete. Nevertheless, Appellant does not argue that he suffered prejudice due to trial defense counsel's alleged failure to inform him that a plea agreement had been offered by the Commonwealth. In his brief, he quotes two cases mentioning prejudice, but, beyond these boilerplate references, he provides no analysis applying this law to his appeal. ***See*** Appellant's Brief at 5, 30.

Assuming Appellant's assertion that "it is evident that accepting a plea offer could have resulted in a lower sentence[,]" ***id.*** at 31, may be construed as a claim of prejudice, we note that Appellant merely maintains that such an offer **could have** resulted in a lesser sentence, not that there was "a reasonable probability of a different outcome if not for counsel's error."

*Medina*, 209 A.3d at 1000; *see also Commonwealth v. Steckley*, 128 A.3d 826, 835 (Pa. Super. 2015) (there must "be a reasonable probability that the sentence under the offer's terms would have been less severe than the sentence actually imposed" (citation and internal quotation marks omitted)). Accordingly, Appellant's contention fails to rise to the level of prejudice required for an ineffective assistance of counsel claim. *Medina*, 209 A.3d at 1000.

For the reasons given above, even if Appellant had been permitted to present additional witnesses at his evidentiary hearing and if all of those witnesses had testified that Appellant's trial defense counsel had failed to inform him about offers of plea agreements made by the Commonwealth, Appellant has still failed to plead that he was prejudiced by these alleged failures to the effect that there was a reasonable probability of a different outcome if not for counsel's alleged error. Unless Appellant had pleaded this prejudice prong sufficiently, there is no reason to reach the question of the sufficiency of the evidentiary record.

Appellant's claims thereby merit no relief. Having discerned no error of law, I would affirm the order below. *See id.* at 996. Thus, I dissent.