J-A03018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEKIRR BROWN | : | No. 265 EDA 2022 |

Appeal from the PCRA Order Entered January 10, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002118-2012

BEFORE: KING, J., SULLIVAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY SULLIVAN, J.: **FILED MARCH 17, 2023**

The Commonwealth appeals from the order granting the Post-Conviction

Relief Act[1] ("PCRA") petition of Lekirr Brown ("Brown"). We reverse.

The PCRA court provided the factual and procedural history, which we

set forth in relevant part as follows:

> [In the early hours of the morning in November 2011, Brown
> shot his victim Zandar Cotton in the stomach outside of a bar.
> ***See generally Commonwealth v. Brown***, 258 A.3d 539 (Pa.
> Super. 2021) (unpublished memorandum at *1).] [I]n July []
> 2012, [following] a bench trial, [Brown] was found guilty of the
> following charges: attempted murder, aggravated assault,
> possession of a firearm prohibited . . ., carrying firearms in public
> in Philadelphia . . ., and possession of an instrument of crime . . ..
> [Brown] was found not guilty of firearms not to be carried without
> a license . . .. [I]n December [] 2012, the [trial court] . . . imposed
> . . . [an] aggregate sentence [of] ten to twenty years [of
> incarceration].

---

* Former Justice specially assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. §§ 9541–9546.

[I]n February [] 2013, [Brown] filed his first PCRA petition and then an amended PCRA petition [i]n March [] 2013, wherein he claimed that his trial counsel was ineffective because he did not timely petition the [trial c]ourt to appoint counsel for appeal. [Following reinstatement of Brown's direct appeal rights *nunc pro tunc*,] the Superior Court affirmed [Brown's] judgment of sentence [i]n June [] 2014. [Brown] filed a [p]etition for [a]llowance of [a]ppeal to the Supreme Court of Pennsylvania [i]n June[] 2014[,] and his petition was denied on October 7, 2014.

* * * *

[Brown timely filed his second PCRA petition.] . . .[O]n March 2, 2018, th[e PCRA c]ourt issued an order denying . . . post[-]conviction relief.

* * * *

[Brown appealed to the Superior Court[,] which dismissed the appeal in April 2019, based on substantial defects in Brown's brief.] [Brown] filed his [third petition seeking reinstatement of his right to appeal *nunc pro tunc* the dismissal of his second petition. By agreement of the parties,] . . . [t]he PCRA Court . . . reinstated [Brown's] right to file an appeal of the dismissal of his second PCRA petition[] *nunc pro tunc*.

[I]n June [] 2020, [Brown] filed a [n]otice of [a]ppeal of the dismissal of his [second] PCRA petition.

* * * *

On June 21, 2021, the Superior Court vacated the PCRA [c]ourt's March 2, 2018 order in part, affirmed it in part, and remanded for an evidentiary hearing . . . on the newly raised issue of whether [Brown's] trial counsel failed to notify [him] of a plea deal offered by the prosecution. The Superior Court found that [Brown's] first two claims of ineffective assistance of counsel had no merit. . .. [**See Brown**, 258 A.3d 539.]

* * * *

In his PCRA [p]etition, [Brown] argued that trial counsel . . . was ineffective for failing to notify [him] of a plea deal offered by

the prosecution. A docket entry dated April 2, 2012, states "Commonwealth's Offer Rejected." At a[ PCRA] evidentiary hearing, held on November[] 2, 2021, [Brown] contended that he was never informed of any offer:

PCRA Counsel:     Were you ever presented by [trial counsel] with any guilty plea offer?

[Brown]:     No, I was never informed by him.

PCRA Counsel:     Did you ever ask him for a guilty plea offer?

[Brown]:     Yes, I did.

PCRA Counsel:     And what did [trial counsel] state to you?

[Brown]:     He said it was–it wasn't–nothing was offered. He's going to handle it.

* * * *

[Commonwealth]:     So you agree that you reached a deal in the drug case, but you did not have any deal conveyed to you on the—on the attempted murder case, is that your testimony today?

[Brown]:     Yes, that's my testimony. He said there wasn't any offers.

N.T.[,] 11/2/11[,] at 12-13, 15.

The PCRA Court concluded, and both counsel for [Brown] as well as for the Commonwealth agreed, that the transcripts from April 2, 2012 were inconclusive with regard[] to the details of a plea deal:

[PCRA Court]:     We also don't have any sort of record from the plea date or what would have been the plea date as to what the offer was extended, if that offer was in fact conveyed to . . . Brown, and if it was

> rejected. We just have, as I understand it from the written transcripts, the crier in the room essentially saying offer was rejected, and giving it a trial date. Is that accurate, [c]ounsel?
>
> PCRA Counsel:     Yes, Your Honor.
>
> [Commonwealth]:     That is accurate, Your Honor. Although . . . there is some evidence on the written record that [Brown] was present. And then there's some questions that I will be asking [Brown].

*Id*. at 6-7.

The Commonwealth represent[ed] that it looked extensively through its files and has no record of the specifics of the offer made to [Brown's] trial counsel. The Commonwealth indicate[ed] that it has "no doubt" an offer was extended because of the markings on its case file and the notation on [Brown's] criminal docket from April 2, 2012. The Commonwealth contacted associates of [trial counsel] and the widow of . . . [Brown's] initial PCRA [c]ounsel, for the purpose of locating [Brown's] trial records. These attempts were unsuccessful. Both [trial counsel] and [initial PCRA counsel] are deceased. [*See id*.] at 34-38.

* * * *

[T]he PCRA Court, [by] order dated January 10, 2022, granted the PCRA petition, but did not vacate [Brown's] sentence at that time. The PCRA Court determined that trial counsel was ineffective but held the issue of a remedy under advisement. On January 18, 2022, the Commonwealth filed a notice of appeal to th[is] . . . Court. On January 24, 2022, the PCRA Court ordered [the Commonwealth] to file a [c]oncise [s]tatement of [e]rrors [c]omplained of on [a]ppeal, pursuant to Pa.R.A.P. 1925(b). The Commonwealth complied and filed its statement of errors on February 2, 2022. . ..

PCRA Court Opinion, 3/24/22, at 1-6, 8-9 (unnecessarily capitalization and some internal citations to the record omitted; paragraphs re-ordered for clarity; bullet points added).

The Commonwealth raises the following issue for our review:

> Did the lower court err in granting PCRA relief based on counsel's purported failure to convey a plea offer, where [Brown] never proved what the offer was and thus failed to demonstrate that he was prejudiced, *i.e.*, that the offer was for a sentence that was less than the relatively lenient one [he] actually received?

Commonwealth's Brief at 4.

The standard of review for an order granting a PCRA petition is well-settled:

> When reviewing an order granting PCRA relief, we must determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. Moreover, we will not disturb the findings of the PCRA court unless those findings have no support in the certified record.

*Commonwealth v. Rivera*, 154 A.3d 370, 377 (Pa. Super. 2017) (internal citations and quotations omitted). This Court analyzes PCRA appeals "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Steckley*, 128 A.3d 826, 831 (Pa. Super. 2015) (internal citation and quotations omitted).

In its sole appellate issue, the Commonwealth argues the trial court erred in concluding that Brown had established prejudice based on trial counsel's ineffective assistance in the form of an alleged failure to convey to Brown a plea offer. *See* Commonwealth's Brief at 17. Generally speaking,

- 5 -

PCRA claims are not merely direct appeal claims that are made at a later stage of the proceedings, cloaked in a boilerplate assertion of counsel's ineffectiveness. In essence, they are extraordinary assertions that the system broke down. To establish claims of constitutional error or ineffectiveness of counsel, the petitioner must plead and prove by a preponderance of evidence that the system failed (*i.e.,* for an ineffectiveness or constitutional error claim, that in the circumstances of his case, including the facts established at trial, guilt or innocence could not have been adjudicated reliably), that his claim has not been previously litigated or waived, and where a claim was not raised at an earlier stage of the proceedings, that counsel could not have had a rational strategic or tactical reason for failing to litigate these claims earlier.

***Commonwealth v. Chazin***, 873 A.2d 732, 734 (Pa. Super. 2005). For ineffective assistance of counsel claims, a petitioner must plead and prove: (1) his underlying claim is of arguable merit; (2) counsel lacked any reasonable basis for the act or omission alleged; and (3) that the petitioner was prejudiced as a result, that is, there is a reasonable probability that, but for the act or omission challenged, the outcome of the proceeding would have been different. ***See id***. at 735. Furthermore, "[o]rdinarily, a claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet a single one of these prongs." ***Id***. (internal citation and quotations omitted).

More specifically, when a petitioner alleges ineffective assistance of counsel for failure to convey a plea offer, the petitioner must satisfy a four-part test: (1) an offer for a plea was made; (2) trial counsel failed to inform him of such offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4) he was prejudiced thereby. ***See id***. A showing

of prejudice requires some evidence that "the result of the plea bargain process would have been different had he been able to accept the Commonwealth's . . . offer." *Id*. at 737.[2]

The Commonwealth argues the PCRA court erred in granting Brown's petition for relief based on his attorney's failure to convey a plea offer because Brown failed to establish prejudice. The Commonwealth concedes that an offer was made, but maintains "there is no record of what that offer was and [Brown] has not proffered such evidence." Commonwealth's Brief at 17. The Commonwealth argues that, given Brown's sentence was already at the low end of the standard range—and much less than the twenty-five-year minimum which the Commonwealth had sought at the sentencing hearing—it was unlikely that its plea offer had been lower than the actual sentence Brown received following his conviction at trial. *See id*.

Notably, Brown also concedes that there is no evidence as to what the extended offer had been; however, he argues it was "likely that the plea offer

---

[2] *Steckley* similarly provides that a PCRA petitioner must show that,

> [b]ut for the ineffective advice of counsel[,] there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

128 A.3d at 832 (citing *Lafler v. Cooper*, 566 U.S. 156, 164 (2012)).

would have been less than the [ten-to-twenty-year] sentence he was given." Brown's Brief at 14.[3] Accordingly, he maintains the PCRA court properly found trial counsel was ineffective, and that the PCRA court was empowered to fashion a remedy, even though the terms of the plea offer are unknown.

The PCRA court ultimately granted Brown's PCRA petition by order of January 10, 2022. **See** Order, 1/10/22. However, the court has since reconsidered its conclusion: "Contrary to this [c]ourt's initial determination, [Brown's] claim that trial counsel was ineffective cannot prevail." PCRA Court Opinion, 3/24/22, at 1. The PCRA court explained:

> Initially, th[e PCRA c]ourt determined that [Brown's] trial counsel was ineffective, however, after careful review of the record, [Brown] cannot prevail on a claim of ineffective assistance of counsel because he cannot show that he was prejudiced by [trial counsel's] failure to communicate a plea deal. The notes of testimony[,] from the date when [Brown's] docket stated that the

---

[3] Brown cites a New Hampshire case for the proposition that the trial court has discretion to fashion an appropriate remedy when it finds a defendant received ineffective assistance of counsel during plea negotiations. **See** Brown's Brief at 15 (citing **State v. Fitzgerald**, 243 A.3d 1206 (N.H. 2020)). Notably, in **Fitzgerald**, the terms of the State's plea offer were known, so that case is distinguishable. That case also involved a sentencing enhancement that counsel failed to adequately discuss with his client during plea negotiations. **See**, **e.g.**, **id**. at 1217. Brown also cites **Commonwealth v. Bradshaw**, 249 A.3d 1148 (Pa. Super. 2021) (unpublished memorandum); however, in that case, this Court merely reversed and remanded for supplemental evidentiary hearings concerning allegations of trial counsel's ineffectiveness for failure to convey a plea offer. **Contra** Brown's Brief at 16. Brown also cites **Commonwealth v. Kruge**, 249 A.3d 1164 (Pa. Super. 2021) (unpublished memorandum), but that case involved a known plea offer, and the parties agreed that counsel failed to inform his client during plea negotiations about a mandatory minimum that would be triggered on conviction at the conclusion of the trial. **Contra** Brown's Brief at 16. All cases offered by Brown are distinguishable and non-precedential in this court.

plea offer was rejected[,] are inconclusive as to the specifics of the plea deal. The District Attorney's Office has no record of the details of the plea offer that was conveyed to [trial counsel]. Both [Brown's] trial counsel and his initial PCRA counsel are deceased, and their records cannot be located. [Brown] himself testified that he was never told that a plea deal existed. ***To say that [Brown's] sentence would have been less severe if [trial counsel] had communicated the plea deal would be purely speculative and not based in fact.*** Because of this . . .[, Brown] cannot show that he was prejudiced and cannot succeed on an ineffective assistance of counsel claim.

PCRA Court Opinion, 3/24/22, at 9 (emphasis added).

Following our review, we conclude that the PCRA court's grant of relief was premised on speculation unsupported by evidence of record. At the PCRA stage of litigation, it is the petitioner's burden to plead and prove his case. ***See***, ***e.g.***, ***Chazin***, 873 A.2d at 734. Thus, it was Brown's burden to prove that a plea offer existed, the terms of which were more favorable than the sentence actually received, and that, there is a reasonable probability that, had he been presented with that offer, he would have accepted it. ***See id***. at 735; ***see also Steckley***, 128 A.3d at 832. Brown failed to carry his burden of proving that an offer existed that was more favorable than the sentence he received, because he could not establish the terms of the offer. Further, to conclude Brown would have accepted the offer would require speculation about the terms of the offer, given there is no basis in the record to support this conclusion. Accordingly, we reverse the PCRA court's order granting PCRA relief.

Order reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/17/2023