J-S28041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                      :   PENNSYLVANIA
                      :
             v.                :
                      :
                      :
NASIR WILLIAMS            :
                      :
         Appellant        :   No. 182 EDA 2021

Appeal from the PCRA Order Entered December 11, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000333-2018

BEFORE: BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED SEPTEMBER 29, 2021**

Nasir Williams (Williams) appeals from the order entered in the Court of

Common Pleas of Philadelphia County (PCRA court) dismissing his timely

petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.

§§ 9541-9546. Williams challenges the effectiveness of trial counsel in

connection with entry of his guilty plea. We affirm.

**I.**

**A.**

The relevant facts and procedural history of this case are as follows. In

May 2018, Williams entered a negotiated guilty plea to one count of person

not to possess firearms arising from a May 2017 traffic stop for dark tinted

---

[*] Retired Senior Judge assigned to the Superior Court.

windows.[1]   Police immediately detected a strong odor of marijuana when Williams opened the window of his vehicle and they recovered a 9-milimeter firearm from the glove compartment.

At the May 29, 2018 guilty plea hearing,[2] Williams was represented by Qawi Abdul Rahman, Esq.  The trial court colloquied Williams as follows:

> THE COURT: You also give up the right to have Mr. Rahman argue any trial or pretrial motions; do you understand?
>
> [Williams]: Yes.
>
> THE COURT: You also give up much of your right to appeal.  When you plead guilty, you limit your right to appeal to three areas.  The first is whether this Court has jurisdiction over your case.  The second is whether your plea is voluntary.  The third is whether you receive a legal sentence.  It's unlikely that any of those areas of appeal would be successful; do you understand that?
>
> [Williams]:  Yes.
>
> *     *     *
>
> THE COURT: Has anyone promised you anything or forced you or threatened you to get you to plead guilty here today?
>
> [Williams]:  No.
>
> THE COURT: Are you doing so of your own free will?

_____

[1] 18 Pa.C.S. § 6105(a)(1).  Williams had a prior conviction prohibiting him from possessing firearms.

[2] Williams was initially scheduled to litigate a motion to suppress evidence contesting the validity of the vehicle search and to proceed to trial that day. (**See** N.T. PCRA Hearing, 8/27/20, at 50).  Williams pleaded guilty instead after the Commonwealth provided prison tape recordings of conversations during which Williams admitted that marijuana was in his vehicle when police conducted the traffic stop and that he uses the drug.

[Williams]: Yes.

THE COURT: You're satisfied with representation by Mr. Rahman?

[Williams]: Yes.

THE COURT: He handed me this guilty plea form. Did he explain everything and did you understand everything in the form?

[Williams]: Yes.

(N.T. Guilty Plea, 5/29/18, at 5-6).

The trial court accepted Williams' plea as knowingly, voluntarily and intelligently entered and it granted Attorney Rahman's request for leave to prepare argument on mitigating factors in advance of sentencing. The trial court sentenced Williams to a term of 2½ to 5 years of incarceration on June 19, 2018. The sentence was in accord with the Commonwealth's request for a term of incarceration well below the mitigated sentencing range. (**See** N.T. Sentencing, 6/19/18, at 4, 9).

Williams then filed a direct appeal which this Court dismissed for failure to file a docketing statement. In April 2019, Williams filed a PCRA petition and the PCRA court reinstated his direct appeal rights *nunc pro tunc* on October 7, 2019.

**B.**

Instead of filing a direct appeal, Williams filed an amended PCRA petition on November 5, 2019. At a January 21, 2020 hearing, Williams was represented by Lawrence O'Connor, Esq., who advised the court that Williams

no longer wanted to pursue a direct appeal and had elected to seek PCRA

relief.  The court colloquied Williams as follows:

> THE COURT: . . . You understand that you have two avenues open to you right now of appeal.  One avenue is the PCRA; the other avenue is the direct appeal to the Superior Court.  Do you understand that?
>
> [Williams]: Yes.
>
> THE COURT: And what Mr. O'Connor is saying is that you do not want to pursue an appeal to the Superior Court, based on any perceived errors . . . [i]n the plea; is that correct?
>
> [Williams]: Yes, yes.
>
> THE COURT: But you will still—and do you want to pursue the PCRA in regard to [an] ineffectiveness of counsel claim, correct?
>
> [Williams]: Yes.
>
> THE COURT: Do you understand, Mr. Williams, that when you withdraw this appeal to the Superior Court, you're going to lose any opportunity to complain to the Superior Court about any errors that may have occurred during the . . . plea if you feel that the Court made any type of error.  You can still address errors that you think your lawyer made.  Do you understand that?
>
> [Williams]: Yes, I understand that.
>
> THE COURT: Have you and Mr. O'Connor discussed this decision at length?
>
> [Williams]: Yes. . . .
>
> THE COURT: Are you satisfied that he's giving you the representation that you desire?
>
> [Williams]: Yes.
>
> THE COURT: Are you in any way dissatisfied with Mr. O'Connor's legal counsel?

[Williams]: No.

THE COURT: Has anyone promised you anything, forced you or threatened you in regard to making this decision?

[Williams]: No.

THE COURT: You're making it of your own free will?

[Williams]: Yes.

*    *    *

THE COURT: Was an actual notice of appeal filed with the Superior Court?

Mr. O'Connor: No, Your Honor. Once he indicated to me that that's not what he wanted to do, I didn't file. I figured if he changed his mind, I could come to Your Honor and ask for *nunc pro tunc*. . . .

THE COURT: Okay. That's fine then. I'm satisfied that Mr. Williams has made a knowing, voluntary decision not to pursue his direct appeal to the Superior Court. . . . You have an amended petition pending for the PCRA, correct?

Mr. O'Connor: Correct, Your Honor. Basically, ineffective assistance that led to an unlawfully induced guilty plea.

(N.T. Hearing, 1/21/20, at 6-8, 10).

The PCRA court held an evidentiary hearing on the issue of trial counsel's ineffectiveness on August 27, 2020, at which Attorney Rahman and Williams testified. The court explained at the outset that the two issues to be addressed were Attorney Rahman's decision not to go forward with the motion to suppress evidence of the firearm and his alleged failure to provide Williams with the terms of a pre-trial offer of 4 to 8 years of incarceration extended by the Commonwealth.

- 5 -

Regarding the motion to suppress, Williams testified to his belief that Attorney Rahman had missed a 30-day deadline to file the motion and further explained:

[Attorney O'Connor]: Were you aware that a motion to suppress could be utilized to keep evidence from being introduced against you?

[Williams]: Yes.  Yes, I was aware of that.

\* \* \*

[Attorney O'Connor]: Prior to May 29, did you ask [Attorney Rahman] if he had filed a motion to suppress?

[Williams]: No.

[Attorney O'Connor]: So on the morning of May 29 was the first time you asked him if he filed the motion to suppress?

[Williams]: Correct.

[Attorney O'Connor]: . . . You said his response was he couldn't do that or he didn't do that.

[Williams]: He said he couldn't do that.

[Attorney O'Connor]: Did he explain why?

[Williams]: No.

[Attorney O'Connor]: So he told you a motion to suppress was not filed.  What was your reaction?

[Williams]: . . . I didn't know that it was a time limit for a motion to suppress, because, you know, my reaction would have been different . . . if I would have known that he missed the 30-day deadline to file one. . . .  I believe he said something like, if the judge hears the recording where it mentions where I said the joint was in the car, for this reason.  And another conversation I said, I'm glad I'm in jail, now I can get off weed.  He said those

statements right there the judge is going to find you guilty. . . . [W]hen he told me that he couldn't fight it, I believed him.

(N.T. PCRA Hearing, 8/27/20, at 29, 31-32).

Regarding the pre-trial offer of 4 to 8 years' incarceration, Williams stated that Attorney Rahman never presented him with the terms of this offer during their approximately ten conversations before the trial date. Williams further testified that he had intended to take his case to trial, and that he did not "want a pretrial offer from the district attorney's office to try to resolve the case without trial[.]" (*Id.* at 14).

In contrast, Attorney Rahman testified that he was prepared to argue the motion to suppress and stated that he had communicated the pretrial offer of 4 to 8 years' incarceration to Williams.

As to counsel's rationale for not going forward with the motion to suppress, Attorney Rahman testified that Williams was going to testify at the suppression hearing denying marijuana use, but in prison phone conversations, spoke about his marijuana use which would make his defense problematic precipitating the withdrawal of the motion to suppress.[3] The Commonwealth also offered a lesser sentence of 2½ to 5 years of incarceration.

---

[3] We note that the plea hearing was held two years before our decision in **Commonwealth v. Barr**, 240 A.3d 1263, 1268 (Pa Super. 2020), *appeal granted*, 252 A.3d 1086 (Pa. 2021). **See also Commonwealth v. Grooms**, 247 A.3d 31 (Pa. Super. 2021).

Attorney Rahman testified:

[The Commonwealth]: With regard to your conversations with Mr. Williams, is it your testimony today that you, up until the day of the motion and trial, which was 5/29/18, your strategy was to go forward with a motion to suppress that you filed; is that correct?

[Attorney Rahman]: Yes.

[The Commonwealth]: In fact, that is indicated in the record at the time of sentencing that you, if fact, had withdrawn your motion to suppress after conferring with your client and the review of the information that was passed to you by the district attorney on that day; is that correct?

[Attorney Rahman]: Yes.

* * *

[The Commonwealth]: And in the contents of the conversations that were had with—by the defendant that were recorded in prison, fair to say that the information that was contained in that may have impacted the credibility of either your client or [you] at the time of the motion to suppress?

[Attorney Rahman]: Yes.

[The Commonwealth]: Based on that, did you have a conversation with your client about the potential impact of those phone conversations on his motion to suppress?

[Attorney Rahman]: Yes.

[The Commonwealth]: And based on that, was it your recommendation that you withdraw the motion to suppress and figure out a way to get a lower offer?

[Attorney Rahman]: Yes.

(***Id.*** at 55-57).

Regarding the communication of the offer of 4 to 8 years, Attorney

Rahman testified:

[Attorney O'Connor]: At any time prior to the trial date, did you communicate to Mr. Williams any type of a pretrial offer that was made by the Commonwealth?

[Attorney Rahman]: Yes.

(*Id.* at 48-49).

At a later hearing, the PCRA court stated that it found Attorney Rahman's stated reason "very credible" for not litigating the motion to suppress because he believed it would be unsuccessful because of the damaging prison tapes. (N.T. PCRA Hearing, 10/26/20, at 7). Regarding Williams' claim that Attorney Rahman neglected to inform him of the pretrial offer, even if true, the court found a lack of prejudice "because it was a much higher offer and Mr. Williams ended up with a much lower sentence that counsel negotiated on his behalf and Mr. Williams testified that he would not have taken a pretrial offer anyway even if it had been extended." (*Id.* at 9). The PCRA court determined that Williams failed to meet his burden of proof in establishing counsel's ineffectiveness and issued notice of intent to dismiss the PCRA petition. *See* Pa.R.Crim.P. 907(1). After the PCRA court dismissed the petition, Williams timely appealed and he and the PCRA court complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b).

## II.

## A.

On appeal, Williams contends that trial counsel was ineffective for declining to litigate a motion to suppress, for failing to convey to him the terms

of the pretrial offer made by the Commonwealth, and for causing his direct appeal to be dismissed. Williams maintains that counsel's ineffectiveness led him to enter an unlawfully induced guilty plea.[4]

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." ***Commonwealth v. Orlando***, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted). "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." ***Id.*** (citation omitted). "The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** (citation omitted). Additionally, "a defendant is bound by the statements which he makes during his plea colloquy." ***Id.*** at 1281. As such, a defendant may not assert grounds for withdrawing the plea that contradicts the statements he made when he entered it. ***See id.***

We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under Section 9543(a)(2)(ii) of the PCRA. ***See***

---

[4] In reviewing a denial of PCRA relief, our standard of review is limited to whether the record supports the PCRA court's determination and whether its decision is free of legal error. ***See Commonwealth v. Lopez***, 249 A.3d 993, 998 (Pa. 2021). "In reviewing credibility determinations, we are bound by the PCRA court's findings so long as they are supported by the record." ***Id.*** (citation omitted). "The PCRA court's findings and the evidence of record are viewed in the light most favorable to the Commonwealth as the winner before the PCRA court." ***Id.*** (citation omitted).

*id.* "To prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Sarvey*, 199 A.3d 436, 452 (Pa. Super. 2018) (citation omitted). "If a petitioner fails to prove any of these prongs, his claim fails." *Id*. (citation omitted). Moreover, counsel is presumed to be effective. *See id.*

### B.

We first address Williams' claim that trial counsel was ineffective for failing to litigate a pretrial motion to suppress the firearm seized from his glove compartment during the traffic stop. Williams asserts that a review of the docket shows counsel never filed such motion, and that no competent attorney would have decided against seeking suppression given that he was charged with a possessory offense.

The PCRA court stated at the October 2020 hearing that counsel, "did expect to argue a motion to suppress on that day and that even though it hadn't been filed he was going to ask the Court to hear the motion to suppress on that day[.]" (N.T. Hearing, 10/26/20, at 5-6). "[H]e would have been provided with discovery that related to that motion to suppress and that discovery was going to be used, that prison call, to defeat the motion to suppress, and Attorney Rahman made the decision at that point that it would be contrary to his client's interests to argue the motion. . . . (*Id.* at 7).

- 11 -

The PCRA court determined that Williams' claim regarding the motion to suppress did not warrant relief because:

> Appellant clearly knew that the prosecution intended to use his admission that he had marijuana in the car when he was stopped. Further, Appellant admitted that his counsel advised him that this would be very detrimental and likely cause him to lose the suppression motion. Appellant's belief that counsel was precluded from litigating the motion because it had not been filed is mistaken. Courts have the discretion to hear pre-trial motions whether or not they have been filed and docketed. Appellant's argument, that trial counsel failed to file a motion to suppress and was therefore precluded from presenting it to the court is clearly misplaced. This issue has no merit.

(PCRA Court Opinion, 3/15/21, at 7).

We agree with the PCRA court that Williams' claim lacks arguable merit. During the guilty plea colloquy, Williams expressly acknowledged that he "g[a]ve up the right to have Mr. Rahman argue any trial or pretrial motions." (N.T. Guilty Plea, at 5). Further, the record supports counsel's assessment that filing a motion to suppress would have likely been unsuccessful given the prison recordings of Williams discussing marijuana and potentially damaging to the defense's credibility before the trial court. Counsel had a reasonable basis not to litigate the suppression motion and to advise Williams to accept a plea that was well below the mitigated sentencing range.

### C.

Williams next contends that Attorney Rahman was ineffective in failing to inform him of the pretrial offer of 4 to 8 years of incarceration extended by

the Commonwealth. He argues that Attorney Rahman's unilateral rejection of the offer was prejudicial and contrary to his interests.

When a PCRA petitioner claims that a plea offer was not conveyed to him by trial counsel, he has the burden of proving that: (1) a plea offer was made; (2) counsel failed to inform him of the offer; (3) counsel had no reasonable basis for failing to inform him of the plea offer; and (4) he was prejudiced thereby. *See Commonwealth v. Chazin*, 873 A.2d 732, 735 (Pa. Super. 2005).

We agree with the PCRA court's assessment that Williams has failed to demonstrate any prejudice in connection with the pretrial offer. Because counsel was able to negotiate a much lower sentence of 2½ to 5 years, Williams is spending less time incarcerated than he would have if he had accepted the pretrial offer. Further, Attorney Rahman unequivocally testified that he did inform Williams of the offer, and Williams himself maintained that he would not have accepted any such offer even if it had been presented to him because he wanted to go to trial. Williams' assertion that he was prejudiced by counsel's alleged omission lacks record support.

**D.**

Williams also argues that trial counsel was ineffective for failing to perfect his direct appeal resulting in its dismissal.[5]  However, this issue was already addressed in Williams' initial PCRA proceedings which resulted in relief granted in the form of reinstatement of his direct appeal rights *nunc pro tunc*. Moreover, even after his direct appeal rights were reinstated, Williams elected not to pursue an appeal after consultation with counsel and he chose to seek PCRA relief instead.  As outlined above, the trial court conducted a thorough colloquy on the record to ensure that Williams was aware of all of the implications of his decision.  The record clearly shows that Williams was already granted relief on this issue, and that he voluntarily abandoned his direct appeal after his rights were reinstated and carefully explained to him.

In sum, we find that trial counsel acted "within the range of competence demanded of attorneys in criminal cases" concerning entry of Williams' guilty plea and that Williams entered it voluntarily.  ***Orlando***, ***supra*** at 1280. Although Williams argues that his plea was unlawfully induced, he "is bound by the statements which he ma[de] during his plea colloquy" and may not assert grounds for withdrawing his plea that contradict the statements he made at that time.  ***Id.*** at 1281.  The trial court conducted a comprehensive

---

[5] We note that although Williams states in his brief that counsel failed to file a Rule 1925(b) statement, the record reflects a failure to file a docketing statement.

- 14 -

colloquy on the record during which Williams acknowledged the rights that he was relinquishing, including his right to litigate pretrial motions and much of his right to appeal. Williams categorically indicated that he was satisfied with counsel's representation and that he was entering the plea of his own free will without coercion. Accordingly, Williams' claim that trial counsel was ineffective merits no relief.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *9/29/2021*